CHARLES A. SMITH *vs.* CHARLES H. LOOMIS.

Somerset. Opinion February 24, 1883.

*Statute of frauds.*

Where parties to a written contract for leasing a mill, the rent being a certain sum payable for each thousand feet of lumber that should be sawn at the mill during the term, made an additional agreement to shorten the term originally agreed upon, a person, who in writing guaranteed the first agreement and verbally assented to the second, is not absolved from his liability upon the amended agreement by the effect of the statute of frauds.

ON EXCEPTIONS.

Assumpsit against the defendant as guarantor of a certain contract of one Benoice Loomis.

The material facts are stated in the opinion.

*Folsom and Merrill,* for the plaintiff, cited:

*Smith* v. *Loomis,* 72 Maine, 51; *Gamage* v. *Hutchins,* 23 Maine, 565; *Marshall* v. *Baker,* 19 Maine, 402; *Medomak Bank* v. *Curtis,* 24 Maine, 36; *Gilman* v. *Veazie,* 24 Maine, 202; *Low* v. *Treadwell,* 12 Maine, 441; *Courtenay* v. *Fuller,* 65 Maine, 156; *Richardson* v. *Cooper,* 25 Maine, 450; *Hutchinson* v. *Moody,* 18 Maine, 393; *Leavitt* v. *Savage,* 16 Maine, 72;

*Sigourney* v. *Witherell*, 6 Met. 553 ; Story, Prom. Notes, 638 ; 3 Add. Contr. 139, and notes on pp. 140, 141.

*Walton and Walton*, for the defendant.

· The written evidence must establish the contract in all its terms, it can receive no aid from oral testimony, and yet satisfy the statute of frauds. R. S., c. 111, § 1 ; *Jenness* v. *Mount Hope Iron Co.* 53 Maine, 20 ; 1 Greenl. Ev. (Redfield's Ed.) § 268.

The new agreement of this defendant, if there was any, was not in writing. When the new agreement was made, the debt as it existed previous thereto, was merged in the new, and the action should be predicated on the altered contract. *Dana* v. *Hancock*, 30 Vt. 616 ; *Goss* v. *Lord Nugent*, 5 B. and Adol. 58.

· Defendant's agreement made January 19, to answer for the debt of another, being within the statute of frauds, could not be altered before breach by an agreement not in writing. *Stead* v. *Dawber*, 10 Adol. and Ellis, 57 ; *Harvey* v. *Grabham*, 5 Adol. and Ellis, 61 ; *Noble* v. *Ward*, 1 L. R. Excq. 117 ; S. C. 2 L. R. Excq. 135 ; De Colyar on Guaranties, (Am. ed.) 387, 389.

There is a clear distinction between oral testimony of a substituted performance·and oral testimony to state the contract in whole or in part. Browne, Stat. of Frauds, (2 ed.) 436, 409-428 ; Chitty, Contr. (5 Am. ed.) 111 ; *Marshall* v. *Lynn*, 6 Meeson and Welsby, 109 ; *Stowell* v. *Robinson*, 3 Bing. 928.

We offered testimony to show that by the new agreement the liability of the defendant was actually increased if that was a valid agreement against him, and we should have been permitted to show that. The presiding justice held that it was immaterial whether this liability was increased or diminished by the change in the contract.

PETERS, J. By written agreement, dated January 1, 1878, Benoice Loomis hired a mill of the plaintiff for every alternate two weeks, from January 28, to June 1, 1878 ; the rent to be a certain sum payable for each number of thousands of feet of lumber that might be sawed by Loomis at the mill. On February 16, 1878, the same parties made another agreement, by

which the lessee was to retain the mill under the terms of the lease long enough only to saw certain specified lumber, and to relinquish possession for any balance of the term. For this relinquishment the lessee received a credit of thirty dollars towards the rent already due to the lessor.

The defendant in writing, guaranteed for Benoice Loomis the first agreement, and verbally assented to the second. He is sued as guarantor for the balance of rent due for lumber sawed at the mill during the period named.

The alleged defence is, that the second arrangement was a new and independent contract, substituted for and canceling the first one, and not binding upon the defendant, on account of the statute of frauds.

The words of the second agreement, literally construed, have some tendency to warrant the interpretation contended for, but we think the intention of the parties was merely to waive a part of the first agreement, by an amendment thereto. The precise and only difference between the two agreements is, that, under the original agreement, the lessee was to have the mill until June 1, 1878, and, under the amended agreement, he was not to occupy so long as that, unless it took that time to saw certain quantities of lumber specially described.

The change might lessen the period of occupation or it might not. It might lessen, while it could not increase the defendant's liability. It preserves his rights as they stood upon the original undertaking. No new obligations are imposed. The old ones are merely cut down to some extent. The original guaranty promised that the principal should pay a specified rate for all lumber sawed by him at the mill prior to June 1, 1878. The plaintiff asks no more now. There was no necessity of the plaintiff's declaring upon the second contract or putting it in proof.

Here then is not a new or collateral contract, the operation of which can allow the defendant to invoke the statute of frauds. A surety can waive a full performance as well as a principal can. The principles of waiver and estoppel may apply to sureties as well as to other parties to contracts. If A. leases a mill to B. for twelve months at a monthly rent, and C. in writing guarantees

the rent, we see nothing to prevent B. and C. assenting with A. that the lease might be terminated at the end of half that period of time. The statute of frauds cannot affect such an act. That is substantially the case presented to us. There is strong reason to hold that, even without the consent of the surety, the contract was not invalidated. But we are not called upon to say as much as that, as the jury found that his consent was given. *Rice* v. *Filene*, 6 Allen, 230 ; *Insurance Co.* v. *Sedgwick*, 110 Mass. 163 ; *Cambridge Savings Bank* v. *Hyde*, 131 Mass. 77.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.