[No. 1341, February 1.]

J. H. KINGSTON and W. D. MAHONEY, Appellees, v. J. W. WALTERS, Appellant.

SYLLABUS (BY THE COURT).

1. The time of performance of a written contract within the statute of frauds may be enlarged by a subsequent oral agreement.

2. If one who is entitled to a payment within a time fixed by a written agreement between himself and others for the sale of real estate, assures those who are to make the payment, before it becomes due, that they can have a longer time within which to make it than that stipulated in the agreement, and they, relying on that assurance, fail to make the payment within such stipulated time, the payee is estopped from claiming a breach of the agreement because of such failure.

Appeal from the District Court for Chaves County before M. C. MECHEM, Associate Justice. Affirmed.

REID & HERVEY and J. M. O'BRIEN for Appellant.

Parol evidence of a contract within the Statute of Frauds is inadmissible in evidence. Alexander v. Cleland, 13 N. M. 524; Williams-Hayward Shoe Co. v. Brooks, Wyo., 64 Pac. 342; Harris v. Frank, 81 Cal. 280, 22 Pac. 856; Hurt v. Ford, 142 Mo. 283, 44 S. W. 228, 41 L. A. R. 823; Bacon v. McChrystal, 10 Utah 290, 37 Pac. 563; 20 Cyc. 313.

Agreement to extend time of written contract by parol is void. Emerson v. Slayter, 22 Howard, U. S. 28; Swan v. Seamans, 9 Wallace, U. S. 254; Kingston v. Walters,

14 N. M. 368; Platt v. Dearborn, 112 Cal. 634, 44 Pac. 1060; Blood v. Goodrich, 9 Wend., N. Y. 68, 24 Am. Dec. 121; Atlee v. Bartholomew, Wis., 33 N. W. 110; 5 Am. St. Rep. 103; Clark v. Fey, 121 N. Y. 470, 24 N. E. 703; Ladd v. King, 1 R. L. 224, 51 Am. Dec. 624; Ry. Co. v. Smith, 106 Ga. 864, 33 S. E. 28; Unruh v. Taylor, Del., 43 Atl. 515; Jones v. Chamberlain, 97 Ill. App. 328; Barton v. Gray, Mich., 24 N. W. 638; McIntire v. Ajax, Utah, 60 Pac. 552; Randolph v. Mitchell, Tex., 51 S. W. 297; Bowman v. Wright, Neb., 91 N. W. 580, 92 N. W. 580; Hildebrand v. Fallot, 92 N. Y. S. 804, 46 Misc. 615; Willingham v. Drew, 117 Ga. 850, 45 S. E. 237; Kellog v. Olmstead, 25 N. Y. 189; Stickler v. Giles, 9 Wash. 147, 37 Pac. 293; Alaska Co. v. Domenico, 117 Fed. 99, 54 C. C. A. 485; Arnold v. Scharbauer, 118 Fed. 1008; Ry. Co. v. Los Angeles Co., Cal., 61 Pac. 937; Barron v. Vanvert, 13 Ala. 232; Holliday v. Poole, 77 Ga. 159; State v. Davenport, 12 Iowa 335; Royal v. Lindsay, 15 Kas. 591; Coleman v. Applegarth, 68 Md. 21, 11 Atl. 284, 6 Am. St. Rep. 417; Price v. Cannon, 3 Mo. 453; Hunt v. Bloomer, 12 N. Y. Sup. 202; Kruger v. Klinger, Tex., 30 S. W. 1087.

Where an attempted extension or modification of a contract is void, the original contract must be performed. Barton v. Gray, Mich., 24 N. W. 643, and cases cited above.

Appellees cannot recover under the written contract. Boyd v. Camp, 31 Mo. 163; Kirchner v. Laughlin, 4 N. M. 394; Prestwood v. Eldridge, 119 Ala. 72, 24 So. 729; Lowell v. Rader, 2 Grant Cas. 426; McGrann v. Ry. Co.. 29 Pa. St. 82; Malone v. Ry. Co., Pa., 27 At. 756; Dana v. Hancock, 30 Vt. 616; Briggs v. Ry. Co., 31 Vt. 211; Hydeville Co. v. Ry. Co., 44 Vt. 395; Stewart v. Griffith, 30 Supt. Ct. Rep. 528; Early Times Dist. Co. v. Zeiger, 11 N. M. 221, 67 Pac. 734; Ketchum v. Everton, 13 Johns, N. Y. 359; Wilcox v. Stitt, 65 Cal. 596, 4 Pac. 629; Cummins v. Rogers, 36 Minn. 317; Schmidt v. Williams, 72 Iowa, 317; 2 Warvelle Vendors, 2 ed., secs. 810, 828; Kimball v. Tooke, 70 Ill. 553; Cleary v. Folger, 84 Cal. 316, 24 Pac. 280; Grey v. Tubbs, 43 Cal. 359; 2 Warvelle Vendors, 2 ed., sec. 818.

Kingston et al, v. Walters, 16 N. M. 59.

Appellee is precluded from recovering the amount of payments which were made by appellees and accepted by appellant within prescribed time. Stewart v. Griffith, 30 Sup. Ct. Rep. 528; Hansbrough, v. Peck, 5 Wallace, U. S. 497; Grey v. Tubbs, 43 Cal. 359; Green v. Green, 9 Cowden, N. Y. 46; Donahue v. Parkman, 161 Mass. 412; Chrisman v. Miller, 21 Ill. 227; Reddish v. Smith, 10 Wash. 178, 38 Pac. 1003; Cutler v. Powell, Eng., 2 Smith's Lead Cas. 1 and note; Leonard v. Dyer, 26 Conn. 172, 68 Am. Dec. 382; Hartley v. Decker, 89 Pac. 47.

Not a case in which equity should disregard the Statute of Frauds. Converse v. Blumrich, 14 Mich. 109; Hidden v. Jordan, 21 Cal. 93; Gillett v. Knowles, 108 Mich. 602, 66 N. W. 497; Ochsenkehl v. Jeffers, 32 Mich. 482; Damschroeder v. Green, 51 Mo. 100; Wood v. Rabe, 96 N. Y. 414, 48 Am. Rep. 640; Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696; Willnik v. Vanderver, 1 Barbour, N. Y. 599; Sathre v. Rolff, Mont., 77 Pac. 431; Morrison v. Herrick, 130 Ill. 631; Koch v. Assoc., 137 Ill. 497; Martin v. Martin, 170 Ill. 639, 62 Am. St. Rep. 412; Montacute v. Maxwell, 1 P. Will. 618; Jenkins v. Eldridge, 2 Story, C. C. 290; Purcell v. Coleman, 4 Wall. 513; Dunphy v. Ryan, 116 U. S. 491; Pond v. Sheehan, Ill., 8 L. R. A. 417; Dicken v. McKinley, Ill., 45 N. E. 134, 54 Am. St. Rep. 471; Hannon v. Hounihan, 85 Va. 429, 12 S. E. 157; Down v. Drew, N. H., 42 Atl. 177; Smith v. Phillips, N. H., 43 Atl. 183; Glass v. Aulbert, 102 Mass. 28, 3 Am Rep. 421; 29 Am. & Eng. Enc., 2 ed. 831; 20 Cyc. 296; Slayter v. Emerson, 19 How., U. S. 224; 3 Cyc. 427.

NISBET & NISBET and D. D. TEMPLE for Appellees.

The failure of one of the parties to perform a condition, will not in every case defeat his right to specific performance. Kingston v. Walters, 14 N. M. 371; Cheney v. Libby, 134 U. S. 68; Hennesy v. Woolworth, 128 U. S. 438; Seton v. Slade, 7 Ves. 265; Levey v. Lindo, 3 Marivale 81; Hudson v. Bartran, 3 Madd. 440; Lilley v. Fifty Associates. 101 Mass. 432; Potter v. Tuttle, 22 Conn. 512; Ahl v. Johnson, 20 How. 511; Swain v. Seaman, 76 U.

S. 254; Longfellow v. Moore, 102 Ill. 294; Fleming v. Gilbert, 3 Johns 597.

Where one party to a contract before the time for performance by the other has arrived, consents on his request to extend the time of performance until he gives notice of withdrawal, he is estopped to consider the latter in default though meanwhile the contract time has elapsed. Mayor, etc. v. Butler, 1 Barb. 337; Young v. Hunter, 6 N. Y. 204; Keating v. Price, 1 Johns 22; Esmond v. Van Beschotan, 12 Barb. 336; Clark v. Dales, 21 Barb. 42; Dodge v. Crandall, 30 N. Y. 306; Whittier et al v. Dana et al, 10 Allen 326; Norman v. Waite, 46 N. W. 639; Thompson v. Poor, 42 N. E. 13; Michels v. Omstear, 14 Fed. 219; Brown on Stat. Frauds, sec. 409, p. 423; 20 Cyc. 287; 9 Enc. Ev. 356.

Where the party consents to a part payment and the other party acts upon it he cannot recall it. Thompson v. Poor, 43 N. E. 13; Brown on Statutes of Fraud, 5 ed., sec. 437.

### STATEMENT OF THE CASE.

On the day of its date the defendant, here the appellant, executed and delivered to the plaintiffs, here the appellees, this written memorandum: "McMillan, N. M., August 11, 1904. Received of John H. Kingston and W. D. Mahoney, $100.00 part payment for 400 acres of land located in Sec. 19 and 20 in Twp. 19, S. R. 26 E. There is to be $200,00 more paid on or before the 15th day from date. On payment of said $200.00 as stipulated the undersigned will place with the Citizens National Bank of Roswell, quit claim deed for said land to be delivered on payment of $900.00 on or before 90 days from date. Failure to make payment as stipulated works a forfeiture of amount paid. (Signed) J. W. Walters." The $100, the receipt of which it acknowledges, was actually paid at that time. Immediately afterwards, according to evidence for the plaintiffs, when the parties were about to separate and the train which the plaintiffs were to take was in sight coming toward the station where they were, the defendant, in response to a statement that fifteen days was too short

a time for Mr. Kingston, one of the plaintiffs who lived in Northern New York, to get home and send the next payment, said he could have "five or ten days" more, and those present were called to witness his statement. It appeared by undisputed evidence that the defendant had a nephew, Mr. Smith, who was employed in the Citizens National Bank of Roswell. That he told the plaintiffs, Mr. Smith would attend to the matter for him. That the plaintiff, Mahoney, sent $100, half of the payment of $200, which by the written memorandum was to be made within fifteen days, by telegraph to the defendant on August 26th, and received his receipt for it. That the defendant was absent from Roswell several days covering the latter part of August and the first part of September. That he left with Mr. Smith a copy of the memorandum given the plaintiffs, with instructions to accept the $100 to complete the second payment if it should be paid August 26th or within five days thereafter. That on August 31, the plaintiff, Kingston, sent a money order for $100 by telegraph to the defendant, in care of the Citizens National Bank, and that it was received at Roswell the same day. The manager of the telegraph company testified that he telephoned the Citizens National Bank after banking hours, August 31, that the money order was there, and Mr. Smith, replying, said Mr. Walter was at the East, and, it being after banking hours, he would call the next morning, which he did, but declined to receive the order on the ground that it did not arrive in time the day before. Mr. Smith testified that he was not notified of the arrival of the order until September 2, and that he then refused to receive it because it was past the time limit fixed by his instructions. On September 6, a draft for $100 was sent to the Citizens National Bank by the plaintiff Kingston, for the defendant, and the bank refused to accept it. On November 9, the plaintiffs tendered the defendant $1000, which he refused to accept. There was no evidence that the defendant absented himself from Roswell· to prevent the plaintiffs from having the opportunity to make the payment of $100. The defendant claims and holds the $200 he received as a forfeit under the memorandum. The cause was tried with a jury, and a ver-

dict rendered for the plaintiffs.    Judgment ·was rendered on the verdict, and the defendant appealed to this court.

### OPINION.

ABBOTT, J.—It is made clear by the evidence that, after giving the plaintiffs the memorandum in question,· the defendant did orally agree that they might have more than fifteen days for making the next payment required.    The evidence is conflicting as to the number of days additional he agreed to give, but there was evidence which would have warranted the jury in finding that it was as many as ten days, which would have ended September 5.    Before September 5, the defendant had refused to receive   the $100 telegraphed him, on the ground that it came too late.    If, then, the verbal agreement of the defendant to extend the time fixed by the written memorandum for making the second payment was valid, the verdict of the jury should stand, otherwise it should not.

This is the second appearance here of this cause, and the decision of this court in 14 N. Mex. 368, holding, in effect, that a subsequent verbal modification of the time of performance fixed by a written agreement for the sale of real estate, will be regarded, in a court of equity at least, as valid, must stand as the law in this case, and we think the doctrine need not be limited to equity.    It is stated in 20 Cyc. 287, that "An oral agreement for an extension of the time of performance of a written contract within the statute of frauds which does not, in effect, amount to making a new contract within the statute, is valid."    And this view is sustained in Smith v. Loomis, 74 Me. 503.

But, in addition to what was then considered by the court, there is now before us the evidence from which it clearly appears that the defendant should be estopped to set up the defense that the plaintiffs did not make the payment of $200 within fifteen days, as provided for in the written agreement, when they had his assurance, on which they relied and acted, that they might take more time.    Where a representation as to the future relates to an intended abandonment of an existing right, and is made

to influence others, and they have been influenced by it to act, it operates as an estoppel, 10 Cyc. 752, citing Union Mutl. Ins. Co. v. Mowry, 96 U. S. 544; Faxton v. Faxton, 28 Mich. 159; Elliot v. Whitmore, 23 Utah 342; Johnson v. Blair, 132 Ala. 128. In the latter case the husband of the only heir of a deceased mortgagor of real estate inquired of the holder of the mortgage which was then five years overdue, but on which the interest had been regularly paid and accepted, whether she would allow the mortgage debt to stand a while longer, stating that it would be paid then if she required it, and that he did not wish to have to pay an attorney's fee for foreclosure. He was assured that if she decided to have it paid she would let him know so that he could pay it without an attorney's fee, and, relying on that, payment was not made and nothing more was said or done on either side until about a year later, when an attorney demanded payment and claimed an attorney's fee. It was held that the mortgagee was estopped from recovering an attorney's fee. See also: Swain v. Seamans, 9 Wall. 254; Clark v. Dales, 20 Barb. 42; Thompson v. Poor, 147 N. Y. 402, 42 N. E. 13. In Longfellow v. Moore and others, 102 Ill. 294, the court said: "The principle of estoppel would not permit the appellee to throw appellant off his guard and thus obtain an inequitable advantage by agreeing to extend the time of appellant to perform the contract and then insisting on it as it was written." The judgment of the District Court is affirmed.

POPE, C. J., having presided at the first trial did not participate, nor did MECHEM, A. J., who tried the cause.