[No. 2524.  July 20, 1921.]

## VAUGHAN v. JACKSON.

[Rehearing Denied Sept. 9, 1921.]

### SYLLABUS BY THE COURT.

1.  A finding supported by substantial evidence will not be disturbed on appeal.                                    P. 295

2.  Where a written contract is modified by parol, and reliance is placed on the modified terms of the contract by one of the parties, to his damage, the opposite party is estopped to take advantage of the statute of frauds.          P. 295

Appeal from District Court, De Baca County; Bratton, Judge.

Action by G. R. Vaughan against J. W. Jackson, who counterclaimed.  From a judgment for defendant, plaintiff appeals.  Affirmed.

### STATEMENT OF FACTS.

On April 18, 1918, appellee entered into a written contract with appellant, whereby it was agreed that the appellee was to deed to appellant 480 acres of patented land, and assign to him certain leases and contracts for state land, and sell 100 head of cattle, to be selected by the appellant out of appellee's herd.  The trade was to be closed May 18, 1918. Appellant paid to appellee at the time of making the

contract $500 in cash. Within a day of two after the execution of the contract appellee learned that he did not have title to 160 acres, known as the "Cartright tract," which was included in the 480 acres he had agreed to convey by warranty deed. The only title he had to the Cartright tract was a tax sale certificate, and the period of redemption had not expired, and would not expire until in the fall of 1918.

Appellee immediately informed appellant of the condition of the title to the Cartright tract, and they agreed verbally that as to the Cartright tract the appellee was to have until January 1, 1919, or later, if necessary, to make the deed, and that the appellant was to execute his note to the appellee for $800, which was the agreed value of the Cartright tract; that the note was to be payable in two years, and was not to bear interest until appellee conveyed title to appellant to said tract; that, in the event appellee could not give title to the Cartright tract, then the note was to be returned to appellant; that between April 18, 1918, and May 18, 1918, there was a severe drought existing in the country where the land in question was located, and where the cattle mentioned in the contract were being held; that appellee, relying upon the appellant's agreement to carry out the contract, as modified, held the cattle, in order to be able to deliver the same in accordance with the contract, and suffered loss thereby; that on the 17th day of May, 1918, appellee notified appellant that he was ready to perform according to the terms of the contract as modified, and appellant refused to carry out the contract.

Thereafter appellant brought suit on the original contract, seeking to recover the $500 paid by him. Appellee answered, setting out the modification of the contract and the failure of the appellant to carry out the contract as modified, and asked for damages. The case was tried to the court without a jury and

the court found for the appellee; also found that by reason of the appellant's failure to carry out the contract, as modified, the appellee was damaged in the sum of $750, and gave appellee judgment for $250. Appellant brings this appeal.

H. R. Parsons, of Ft. Sumner, for appellant.

J. E. Pardue, of Ft. Sumner, and T. E. Mears, of Portales, for appellee.

## OPINION OF THE COURT.

EDWIN MECHEM, District Judge (after stating the facts as above). Appellant made numerous assignments of error, but has only argued two propositions: First, that the modification of the contract was within the statute of frauds, and, being oral, was void; second, admitting that the modification did not come within the statute of frauds, there was no evidence on which the court could have given the appellee more than nominal damages.

[1, 2] As to the first proposition, we do not deem it necessary to go into the question as to whether or not the oral modification, as agreed to by the parties, was within the statute of frauds for the court found that the appellee relied on the same, and held his cattle in order to be able to carry out the contract, and suffered loss, and for this reason the appellant was estopped from pleading the statute of frauds as a bar. The evidence sustains the finding, and the trial court was correct in his conclusion of law.

The appellant admits that the appellee notified him, within a day or two after the signing of the contract, of the condition of the title to the Cartright tract. He also admits that he did not notify appellee that he would not go ahead with the contract until May 17, 1918. It was the appellant's duty, if he intended to insist on a strict compliance with the contract, to have so told the appellee. He could not agree with the appellee that the contract should be modified, and after the appellee had relied on

such agreement, to his damage, then take refuge behind the statute of frauds. In Kingston v. Walters, 16 N. M. 59, 113 Pac. 594, this court said:

"Where a representation as to the future relates to an intended abandonment of an existing right, and is made to influence others, and they have been influenced by it to act, it operates as an estoppel."

The evidence in this case shows that the appellee had opportunities to sell the cattle in question during the 30 days; that he refused to sell the same, because he was relying on appellant's agreement to carry out the contract as modified.

As to the question of damages raised by appellant, we have read the evidence, and it is sufficient to sustain the judgment.

For the reasons stated, the judgment is affirmed; and it is so ordered.

ROBERTS, C. J., and RAYNOLDS, J., concur.