## UPHAM v. BANISTER.
### No. 3682.

Court of Civil Appeals of Texas. Amarillo. Nov. 25, 1931.

Rehearing Denied Jan. 6, 1932.

Penix & Penix, of Wichita Falls, for appellant.

Fitzgerald & Hatchitt, of Wichita Falls, for appellee.

JACKSON, J.

The plaintiff, H. W. Banister, instituted this suit in the district court of Foard county, Tex., against the defendants S. P. Upham and the First State Bank of Crowell, to recover the sum of $1,500, with interest thereon at the rate of six per cent. per annum.

The plaintiff alleged that on June 11, 1929, for a cash consideration of $1,500, he, as lessor, sold, executed, and delivered to S. P. Upham, as lessee, a lease for oil, gas, and other minerals covering twenty acres of land which is sufficiently described in his petition. A copy of the lease contract is attached to, and made a part of, plaintiff's petition.

That S. P. Upham paid the $1,500 by a deposit thereof to plaintiff's credit in the First State Bank of Crowell, with direction to the bank to release the money to plaintiff if and when he promptly furnished an abstract of title evidencing that the lease vested a good title to the leasehold estate therein described. That the lease was delivered by placing it with the bank to be held for S. P. Upham until he might determine as per the agreement that the title was good and merchantable. That plaintiff immediately furnished such abstract, and thereafter the abstract was examined and the title approved by the attorney of S. P. Upham. That the plaintiff has made repeated demands on the defendants for the said $1,-500, but, acting together and without color of right, they refused to pay plaintiff said money to his damage in the sum of $1,500, with interest thereon from June 29, 1929, at the rate of six per cent. per annum.

The defendant bank answered, disclaiming any interest in the matters in controversy, alleged that it was the escrow agent for the plaintiff and the defendant Upham, tendered the money into court, and asked that it be discharged with its costs.

The defendant S. P. Upham answered by general demurrer, special exceptions, general denial, and pleaded that the sale of the oil, gas, and mineral rights to him by the plaintiff was an oral contract and unenforceable, and alleged the statute of frauds to defeat plaintiff's cause of action. He also pleaded that the plaintiff never delivered to him the lease contract, and did not furnish an abstract showing good and merchantable title within the thirty-day time limit provided in the oral contract; that time was of the essence of said oral contract and plaintiff did not and could not tender good and merchantable title in said thirty days. By way of cross-action, S. P. Upham asked judgment against the defend-

ant bank for the money deposited therein by him under the escrow agreement.

By agreement of the parties, the case was by order of the court transferred from the district court of Foard county to the district court of Wilbarger county and tried before the court without the intervention of a jury, and judgment rendered in behalf of plaintiff against the defendants jointly and severally for the sum of $1,500, with interest thereon from date of the judgment, and all costs, from which judgment the defendant Upham prosecutes this appeal.

The appellant by several assignments assails as error the action of the trial court in rendering judgment against him, because the subject-matter of the alleged sale was real estate, and the record discloses without dispute that the contract for the sale of the oil and gas rights was oral, and therefore inhibited by the statute of frauds.

The record shows: That after brief negotiations, the plaintiff agreed to sell to defendant Upham, and he agreed to buy, the leasehold estate in controversy; that the agreement of purchase and sale was oral and in pursuance to such oral contract; the plaintiff and his wife executed a proper lease which, after designating Banister and his wife as lessor and S. P. Upham as lessee, provides that: "Lessor, in consideration of the sum of Fifteen Hundred ($1500.00) Dollars in hand paid of the royalties herein provided and the agreements of lessee herein contained, hereby grants, leases and lets exclusively unto lessee for the purposes of prospecting and drilling for and producing oil and gas" etc., describes the lands by metes and bounds, provides that the lease shall be for a term of five years, and contains many other stipulations which are immaterial to a disposition of this appeal; that this lease, signed by plaintiff and wife, was placed in escrow with the defendant bank, and an exact copy of the lease signed by defendant Upham was at the same time placed with the bank; that defendant Upham gave the bank his check, which it cashed, and the money deposited in an escrow account and the original lease signed by the plaintiff and the copy thereof signed by the defendant Upham, together with the money, were by mutual agreement of the parties deposited in the bank and held by the bank as escrow agent, subject to plaintiff's furnishing an abstract and the approval thereof by the defendant Upham's attorney as showing good and merchantable title in accordance with the oral escrow agreement.

This court held in Miller v. Deahl et al., 239 S. W. 679, 684, that "The weight of authority is to the effect that the contract specifying the conditions upon which an instrument is placed in escrow is not within the statute of frauds, and need not be in writing, but may rest in parol, or partly in writing and partly in parol. Simpson v. Green (Tex. Com. App.) 231 S. W. 375; 21 C. J. 868, § 7; 1 Dev. on R. E. 312a."

See, also, Pearson et ux. v. Kirkpatrick (Tex. Civ. App.) 225 S. W. 407.

In Simpson v. Green, supra, the Commission of Appeals say: "The contract of deposit was the joint act of the parties. Defendant in error executed and deposited the deed to be delivered when plaintiff in error accepted the title and paid the balance of the purchase money. Plaintiff in error at the same time deposited a check for $2,000, which check was cashed, the proceeds of which were held in Turner's bank to be paid to defendant in error when his title was accepted. It is true this contract of deposit rested in parol, but that it may so rest is conceded by defendant in error. The fact that it was participated in by both parties met the requirement of mutuality and took it out of the class of cases where the deposit and instructions accompanying the same are the ex parte acts of the depositor"—citing authorities.

In Day et al. v. Townsend et al., 238 S. W. 213, the Commission of Appeals holds that a written lease or assignment placed in escrow for delivery on the happening of a certain event is a sufficient memorandum in writing to comply with the statute of frauds, though the escrow contract was not in writing.

In the instant case, the appellant signed an exact copy of the original lease, which the record discloses was done for the purpose of binding him, issued his check for the consideration, and also agreed to the terms of the escrow contract.

■ It is elementary that it is unnecessary for both parties to sign the same instrument in order to constitute a contract. Black v. Hanz (Tex. Civ. App.) 146 S. W. 309.

■ Under the facts revealed and the authorities, supra, the court did not commit error in refusing to hold that plaintiff's cause of action was in contravention of the statute of frauds (Rev. St. 1925, art. 3995).

■ Appellant assigns as error the action of the trial court in rendering judgment for plaintiff because the testimony discloses that by the terms of the contract the plaintiff was to furnish an abstract showing good and sufficient title within thirty days from June 11, 1929; that time was of the essence of the contract, and plaintiff failed to furnish an abstract showing good and merchantable title within the time limit.

Mr. Banister testified: That on June 11, 1929, the date of the contract, there was a producing oil well at the depth of approximately 2,021 feet, known as the Tarver well, about a mile and a half from his lease; that another well was being drilled near his lease, and, on the date of the contract, had reached a depth of approximately 1,700 feet; that be-

fore July 1st, the well being drilled had reached a depth of more than 2,021 feet, and on July 9th the parties drilling such well prepared to abandon it; that his abstract to his property was either in Houston or Crowell; that he was to furnish a good title and secure his abstract as soon as he could get it; that during the negotiations the appellant told him that if he did not desire to send his abstract away to have it examined, he would get his lawyer to come and examine it at once; that this was not done, but he secured the abstract, had it supplemented as quickly as he could, and forwarded to Wichita Falls to appellant's lawyer; that some objections were made to the title as revealed by the abstract which he had corrected; that it was the understanding and agreement that title was to be furnished, a good title, within thirty days, subject to the approval of appellant's attorney, and that this transaction occurred on June 11th; that the lease and the money were to stay in the bank, and that title should be made good in thirty days.

The deposit slip evidencing the escrow deposit of $1,500 has on it: "Payable to H. W. Banister on approval of abstract thirty days from date."

On July 9th, the appellant sent a telegram, which plaintiff received on the 10th, advising him, in effect, that the thirty-day period in which he was to furnish title under the contract expired on July 10th; that appellant was instructing the bank to return his money to him and deliver the lease to the plaintiff. The record shows that the abstract was not furnished and the title approved within thirty days.

Mr. Thuss, in his Texas Oil & Gas, page 227, § 156, says: "Time may become of the essence of a contract for the sale of property, not only by express stipulation of the parties but from the very nature of the property itself. Time is of the essence of a contract even in equity, if the property is of speculative or fluctuating value. This principle applies with peculiar force and vigor to the sale of oil and gas rights as they are likely to undergo sudden, frequent and violent fluctuation."

This announcement of the law is supported in Langford v. Bivins, 225 S. W. 867, 869, in an opinion by this court, stating: "It seems to be settled law that time is of the essence of contracts for the sale of mineral leases and lands. Waterman v. Banks, 144 U. S. 394, 12 S. Ct. 646, 36 L. Ed. 479, and authorities cited"—and also in Miller et al. v. Deahl (Tex. Civ. App.) 239 S. W. 679; 10 Tex. Jur. 420 and authorities cited.

In Waterman v. Banks, cited in the opinion supra, the Supreme Court of the United States says: "This principle is peculiarly applicable where the property is of such character that it will likely undergo sudden, frequent, or great fluctuations in value. In respect to mineral property, it has been said that it requires—and of all properties, perhaps, the most requires—the parties interested in it to be vigilant and active in asserting their rights." See, also, Bouldin v. Gulf Production Co. (Tex. Civ. App.) 5 S.W.(2d) 1019; English v. Underwood (Tex. Civ. App.) 5 S. W.(2d) 1033; Olympia Min. & Mill, Co. v. Kerns, 24 Idaho, 481, 135 P. 255; 13 C. J. 688.

The record discloses that the subject-matter of the transaction was an oil and gas lease possessing a speculative character; that the conditions and circumstances caused the property to have a fluctuating value.

 The testimony is not sufficient to show that the parties did not intend that time should be of the essence of the contract. It will be noted that the plaintiff did not plead the waiver of the time limit in the contract, and did not plead that appellant was estopped to assert by any conduct of his that time was of the essence of the contract, and therefore the question of waiver or estoppel cannot be considered. Shelton et al. v. Lemmon et al. (Tex. Civ. App.) 268 S. W. 177.

The judgment is reversed, and the cause remanded.