220 P.2d 489
**RUDY et al. v. NEWMAN.**

No. 5261.

Supreme Court of New Mexico.
July 11, 1950.

Frazier, Quantius & Cusack, Roswell, for appellant.

John F. Russell, Roswell, for appellees.

McGHEE, Justice.

We will refer to the parties as they appeared in the trial court.

On February 25, 1947, the parties entered into a written contract whereby the plaintiffs agreed to purchase a tract of land from the defendant for $2500.00, of which $800.00 was immediately paid and the plaintiffs went into possession of the property. The balance was to be paid in monthly installments of $50.00, plus accrued interest. An abstract of title was submitted by the defendant to the plaintiffs and shortly thereafter the examining attorney made the requirement that the estate of Dovie L. Newman be probated. A supplemental contract was then entered into which provided that the monthly payments would be suspended pending the completion of the probate proceedings which, it was stated, would require approximately seven months. Actually, the probate proceedings were completed in seven months and eighteen days after the execution of the supplemental contract. Certain minors had an interest in the property which the defendant

had agreed to convey, and it was, therefore, necessary that a court order be secured authorizing the conveyance of their interest.

While the probate proceedings were pending the plaintiffs moved to another state and left the completion and closing of the deal with their attorney George L. Reese, Sr., with whom the defendant and his attorney later dealt.

Upon the completion of the probate proceedings the abstract was ordered brought down to date and tendered to Mr. Reese for examination on November 24, 1947, with the statement that the court order would be promptly secured authorizing the transfer of the interest of the minors, but Mr. Reese stated it would be useless to secure the order as the plaintiffs had already cancelled the deal because the probate proceedings had not been completed within the seven month period allowed. He also stated the plaintiffs wanted the $800 returned to them and that they would not make any more payments.

On September 27th the plaintiff Rudy had written his attorney that he did not want to go on with the deal as he had moved away and wanted the $800 back for use in purchasing a home in his new location.

In December, 1947, the defendant served notice of termination of the contract on the plaintiffs but stated they could reinstate it by making the monthly payment, beginning within thirty days thereafter, but the plaintiffs did not accept the offer, and in the latter part of January, 1948, the defendant took possession of the property and in March, 1948, sold it for $1500.00.

The trial court found that the plaintiffs were not in default, that the defendant had never tendered an abstract to the plaintiffs showing a merchantable, fee-simple title, and that certain children were vested with an interest therein; that the defendant had procured a court order in March, 1948, authorizing the conveyance of the interest of the minors and had actually conveyed said property to another. It gave judgment for the plaintiffs for $800 and denied a recovery on the cross-complaint for damages to the property.

The material evidence in this case is documentary or uncontradicted oral testimony, so that we are not bound by the findings of fact of the trial court as in the ordinary case, but may examine the record and ourselves determine the correctness of the facts found, as well as determine whether the material findings requested by the defendant should have been made. Valdez v. Salazar, 45 N.M. 1, 107 P.2d 862. The facts stated in this opinion are based on undisputed or documentary evidence on the material matters.

The issue submitted to the court by the attorneys for the parties was stated early in the trial by the attorneys as follows: "Mr. Frazier: (Mr. Russell, I believe

you told me before the trial the only contention you made about the title was the probate proceedings had not been made within the seven months. You have no objection to the title except the probate proceedings?

"Mr. Russell: No, sir.

"Mr. Frazier: The other two things as to the title opinion have been cleared up.

"Mr. Russell: There is no objection as to the title other than whether or not there was a fee simple title in the defendant at the time of the cancellation, and the unpaid mortgage which appears in the correspondence is not in issue.

"Mr. Frazier: You are relying upon whether the probate proceedings were completed within the required time or not?

"Mr. Russell: That is right."

Thus we find the plaintiffs basing their case on the failure of the defendant to complete the probate proceedings within seven months under the following paragraph of the supplemental contract: "That Reese & Reese, attorneys for second parties (plaintiffs) have examined the abstract covering the property mentioned in the said agreement, and have pointed out certain defects therein; that it is hereby agreed that no further payments shall be made to the first party until the Estate of Dovie L. Newman, deceased, is duly probated, and fee simple title is tendered to second parties, which

will take approximately (7) months from this date; that first party shall also remove all other defects from the title at his expense."

It is agreed after the completion of the probate proceedings all that was needed to convey a fee-simple title was a special guardian's deed conveying the interest of the minors, and we find the attorney and agent for the plaintiffs saying there was no need to get such deed as the plaintiffs had cancelled the contract some time before the completion of the probate proceedings.

It seems the decisive question in the case is whether the completion of the probate proceedings in seven months and eighteen days, and the tender of the completed abstract, minus the special guardianship proceedings which the plaintiffs' agent had waived, and without a provision making time the essence of the contract in this respect as above stated, is a compliance by the defendant of the terms of the contract.

Numerous definitions of the word "approximately" appear in 3 Words and Phrases, Perm.Ed., beginning at page 841, as well as in the pocket supplement. We believe the rational construction of the word as used in the supplemental contract was no more than an estimate of the time required to complete the contemplated judicial proceedings; in other words, it would take about seven months, more or less, depending on the circumstances, and we are

of the opinion that the completion of the proceedings in 18 days more than seven months was within the time contemplated by such supplemental contract. Certainly this was a close estimate of the time required to complete a probate proceeding. The record is barren of any claim of neglect in the handling of the probate case.

The general rule as to whether time is the essence of a contract is stated in 8 Thompson on Real Property, sec. 4566, as follows: "Time may expressly be made the essence of the contract. This may be accomplished by the extension of contracts not having that ingredient, or impliedly where the terms of the contract are such as clearly show an intent to that end, but as a general rule the cases require this intent to be set out expressly in the contract."

This is also the rule followed in New Mexico. See Owen v. Thompson, 29 N.M. 517, 224 P. 405, and Loyd v. Southwest Underwriters, 50 N.M. 66, 169 P.2d 238.

It is true that the plaintiffs were entitled to a conveyance of the interest of the minors, but this could only be accomplished through proper court proceedings, and such action was waived by the attorney and agent of the plaintiffs when he advised the defendant, in effect, that to procure such authority would be an idle gesture as the contract had been cancelled for some time. It is unnecessary for a vendor to tender a conveyance stipulated for when the buyer has signified his unwillingness to accept it. Bowers on Waiver, sec. 48.

Had the plaintiffs accepted the December offer of the defendant to reinstate the contract by making the monthly payment, they would, of course, have been entitled to a proper conveyance of the interest of the minors, but instead of accepting it they brought suit for the $800.00 down payment and for an additional sum spent on improvements.

The defendant took possession of the property after the plaintiffs refused the offer and he later sold it to another for less than the sale price to the plaintiffs. The trial court held that by so doing the defendant had made it impossible for him to perform, and this seems to have influenced it in rendering judgment for the plaintiffs, although it was outside of the issue on which the plaintiffs relied for recovery.

It is the well-established rule in this state that a defaulting vendee may not recover his partial payment. Bell v. Lammon, 51 N.M. 113, 179 P.2d 757; Dunken v. Guess, 40 N.M. 156, 56 P.2d 1123, and Montgomery v. First Mortgage Co., 38 N.M. 148, 29 P.2d 331.

When the plaintiffs wrongfully declined to perform their contract and refused the offer of the defendant to reinstate it, the latter was free to sell the property to another. Ann. 134 A.L.R. 1064 et seq.

We find nothing in this case which authorizes the plaintiffs to recover their down payment.

The judgment awarding damages in their behalf will be reversed and the cause remanded to the District Court with instructions to vacate its judgment, and to then render judgment that the plaintiffs take nothing by their suit and to award the defendant his costs. It is so ordered.

BRICE, C. J., and LUJAN, SADLER, COMPTON, JJ., concur.