Francis K. CAMPBELL, Appellant,

v.

D. J. BARBER, Appellee.

No. 15555.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 5, 1954.

Rehearing Denied Dec. 3, 1954.

See also 238 S.W.2d 235.

John T. Gano, Charles L. Morgan, Fort Worth, for appellant.

Barber & Barber, Colorado City, Clyde & Barnes, Fort Worth, Cantey, Hanger, Johnson, Scarborough & Gooch, J. A. Gooch, George R. Bridgman, Peveril O. Settle, Jr., Fort Worth, for appellee.

RENFRO, Justice.

This is an appeal from a judgment in favor of D. J. Barber, appellee, against Francis K. Campbell, appellant, for damages for an alleged breach of contract to purchase a certain mineral interest.

As of July 3, 1949, an oil well was being drilled within two hundred yards of appellee's farm. On that date, which was a Sunday, appellant offered appellee $500 an acre for a mineral interest in appellee's land, but appellee refused to do business on Sunday. On the next day, Monday, July 4, 1949, however, the parties executed an instrument reading as follows:

"Mr. D. J. Barber
"Westbrook, Texas
"Dear Mr. Barber:

"This will confirm our agreement, wherein I agree to buy and you agree to sell and deliver to me, One-Eighth of the minerals under your 480 acres of land in Mitchell County, Texas, described as the North-Half and the South-East quarter of Section 16, Block 28, Township 1 South, for which I agree to pay you the sum of $30,-000.00 cash upon approval of title and delivery of valid deed.

"It is agreed and understood that you are to furnish me with complete abstract of title certified down to date, within five days from this date covering the above land and I am to have five days after receipt of such abstracts within which to examine title to said land and in event the title is satisfactory I am to pay you the said $30,000.00 within the said five days, upon delivery of said valid deed.

"As soon as you have the abstracts certified to date and have the deed ex-ecuted (within said five days) you are to send the deed and abstracts to the Continental National Bank of Ft. Worth, Texas, together with your draft on me for the said $30,000.00 with instructions to the Continental National Bank to deliver the said deed to me upon payment of the said $30,000.00 and to return the abstracts to you.

"Yours truly

"Francis K. Campbell (signed)

"Accepted July 4th, 1949
"D. J. Barber (signed)
"Ruth Hart Barber (signed)"

On July 5, 1949, a draft with mineral deed attached was sent, on behalf of Barber, by the City National Bank of Colorado City to the Continental National Bank of Fort Worth, with instructions that the draft was payable five days from receipt of the abstract. The draft and deed were received by Continental National Bank on July 6, 1949. The abstract of title was mailed by Barber to Continental National Bank on July 5, 1949. On the 8th or 9th of July, 1949, the oil well developed salt water. Appellant received the abstract from the Continental National Bank on July 9, 1949. On July 13, 1949, on instructions from appellee, the Continental National Bank was directed to return the abstract, draft and attached deed to the City National Bank of Colorado City. They were received by the City National Bank on July 14, 1949.

The jury, among other findings, found that the abstract was received by the Continental National Bank of Fort Worth on July 6, 1949, and further that the reasonable cash market value of the minerals in question on July 4, 1949, was $400 per acre, and on July 13, 1949, the minerals had no value. Prior to the submission of the case to the jury, the appellant moved for an instructed verdict and, after verdict, moved for judgment non obstante veredicto. Both motions were overruled, and judgment entered for appellee for the sum of $24,000.

The appellant takes the position the abstract was recalled by the appellee before the five day period had expired and that therefore the appellee, and not the appellant, breached the contract. In support of his argument he contends that the Continental National Bank was the agent of appellee and that the five day period mentioned in the contract did not begin running until the abstract was delivered by the Continental National Bank to appellant, and further that there was no evidence to support the jury's finding that the abstract was received by the Continental National Bank on July 6, 1949.

The evidence is undisputed that the other instruments, mailed at the same time the abstract was mailed, were received by the Continental National Bank on July 6, 1949, and the bank's records so show. The officer of the Continental National Bank who handled the matter testified he presumed the abstract also arrived on July 6, 1949. The instruments, when returned by the Continental National Bank to the Bank in Colorado City, were received in the next day's mail. There is no evidence that the abstract was not received by the Continental National Bank on July 6, 1949. We believe the evidence supports the jury's finding.

The controlling question, in our opinion, is whether or not under the contract, hereinabove set out, the five day period within which appellant had to determine whether or not the title was satisfactory started when the abstract was received by him personally, or on July 6, 1949, when it was received by the Continental National Bank.

Appellant prepared the contract and under the familiar rule it is to be construed most strongly against him. Investors' Utility Corporation v. Challacombe, Tex.Civ.App., 39 S.W.2d 175. Both parties are in agreement that time was of the essence of the contract. Indeed, it is settled law that time is of the essence of contracts for the sale of mineral leases and lands. Upham v. Banister, Tex.Civ. App., 44 S.W.2d 1014; Mandeville & Thompson v. Danciger Oil & Refining Co.,

5 Cir., 62 F.2d 130. Under the plain provisions of the contract which appellant prepared, he directed appellee to send the deed and abstract to the Continental National Bank of Fort Worth, Texas. Appellee had no other address to which to mail the abstract. If appellant's contention is correct that his five days did not begin until he personally received the abstract, then he would be allowed to assume a position which would enable him to speculate whether or not the nearby well would result in a producer or a dry hole. In other words, he could just leave the abstract with the Continental National Bank indefinitely and if the well came in a producer he could then conclude the deal by authorizing the payment of the draft; while, on the other hand, if the well proved to be dry, he would incur no loss for he would not have had the abstract the required five days.

The provision in the contract, "you are to send the deed and abstracts to the Continental National Bank," authorized the Continental National Bank to act for appellant in receiving the abstract. As aptly stated in Hunter v. Gulf Production Co., Tex.Civ.App., 220 S.W. 163, 166: "If the bank was, by the lessor's selection, made his alter ego to receive the rents, then it would logically follow that, if it could be said that in accepting such payment the bank acted as the agent of the lessee, the same could be said of the lessor himself, if payments had been made to him directly, which would be a reductio ad absurdum."

Appellant did not testify on the trial. There is no evidence that the title was not satisfactory to him or that he had ever objected to same.

It appears from the record that appellee did all that was required of him to do under the contract; and if we are right in holding the Continental National Bank was appellant's agent in receiving the abstract, then appellant failed to fulfill his part of the contract in that he did not pay the draft within five days of the receipt of the abstract and expressed no dissatisfaction with the title. Under the cir-

cumstances, the appellee was entitled to the return of his abstract and sue for damages.

The appellant argues the case of Campbell v. Hart, Tex.Civ.App., 256 S.W.2d 255, in which this court reversed and remanded a judgment in favor of Hart, as stare decisis for this case. An examination of the opinion in the Hart case will show there was no finding as to the date when the abstract involved in that case was received by the Continental National Bank, and neither was the question of whether or not the Continental National Bank was the agent of Campbell before us.

In addition to the Continental National Bank being the designated agent of appellant, we think the facts show that the Continental National Bank was the escrow agent of the parties. An escrow " 'is a written instrument which by its terms imports a legal obligation, and which is deposited by the grantor, promisor, or obligor, or his agent, with a stranger or third party, to be kept by the depositary until the performance of a condition or the happening of a certain event, and then to be delivered over to the grantee, promisee, or obligee.' " Day v. Townsend, Tex. Com.App., 238 S.W. 213, 215. The holder of an escrow agreement is the agent of both parties. Fickas v. Bowles, Tex.Civ. App., 158 S.W.2d 118, reversed on other grounds, 140 Tex. 312, 167 S.W.2d 741; 17 Tex.Jur., p. 95.

Neither the contract between appellant and appellee nor the instructions sent to the Continental National Bank by appellee gave appellee any right to withdraw the mineral deed and abstract from the Bank prior to the expiration of five days from receipt of the abstract. The deed was to be held by the Bank until such time as appellant either paid the draft or rejected the title within five days after receipt of the abstract. Failure of appellant to either pay the draft or reject the title within the five day period had the effect of an express and unconditional denunciation of his contract and entitled appellee to

treat the contract as terminated. Moore v. Jenkins, 109 Tex. 461, 211 S.W. 975. The five day period having elapsed in which appellant had the right to pay the draft or reject the title, the appellee had the absolute right to demand a return of the deed and abstract.

Judgment of the trial court is affirmed.