323 P.2d 1093

**A. R. ASHLEY and Essie Mae Ashley,**
**Plaintiffs-Appellants,**

**v.**

**Ralph F. FEARN and Margaret R. Fearn,**
**and Yancy Clark, Defendants-Appellees.**

**No. 6307.**

Supreme Court of New Mexico.

March 11, 1958.

Rehearing Denied April 29, 1958.

Garland, Sanders & Martin, Las Cruces, for appellants.

J. D. Weir, J. R. Crouch, Las Cruces, for appellees.

COMPTON, Justice.

Appellants brought this action to rescind an offer made to appellees' agent to purchase real estate and to recover the amount advanced to bind the deal. The offer, after it had been accepted, reads:

"Las Cruces, New Mexico
"July 9, 1956

"From: A. R. Ashley
"To: Yancy Clark & Company
"Subject: Offer to purchase property of
Ralph F. *Fern,* 230 West Fleming,
Las Cruces, New Mexico

"I hereby submit offer to purchase subject property upon the *following* terms and conditions:

| | |
|---|---|
| Total Price Offered | $16,500.00 |
| Terms: Cash Down | 3,200.00 |
| Balance | $13,300.00 |

"It is understood that there is outstanding a mortgage balance of $6,300.00, payable $61.00, more or less, including interest, taxes and insurance, leaving a balance due Seller of $7,000.00.

"Farmers and Merchants Bank shall be named as Escrow Agents, an escrow contract shall be drawn providing for payment of the total balance of $13,300.00 as follows: Purchaser will pay the Escrow Agent monthly the amount of the mortgage payments of approximately $61.00 which the Escrow Agent will be instructed to pay to the mortgagee to apply on the $6,300.00. Such payments to start 30 days from date of possession. Balance of $7,000.00 due Seller shall be paid on or before 5 years with interest at the rate of *6% 5%* per annum, in semi-annual installments of not less than *$500.00 including interest, starting six (6) months from date of pos-*session, with entire unpaid balance due and payable at the end of 5 years. Purchaser to have privilege of paying all or any part of Seller's equity at anytime with interest computed only to date of such payment. When Seller's equity is paid in full escrow will be closed and deed will be delivered to the Purchaser and he will thenceforth make mortgage payments direct to the mortgagee.

"Seller to furnish abstract of title to usual beginning date brought down to date for examination.

"Possession to be granted on or before July 20, 1956.

"Attached is my check for $1,650.00 as a binder. If the offer is accepted I will immediately enter into a contract to purchase subject to acceptance of title by my attorney.

"This offer is limited to two (2) days. If not accepted by 12 o'clock noon July 11, 1956, it will then expire and the deposit of $1,650.00 will be immediately returned to me.

"Accepted:

"Ralph F. Fearn

"Margaret R. Fearn"

Signed: A. R. Ashley

Essie Mae Ashley

The complaint alleges, first, that the offer was induced by fraudulent representation; and next, that the parties failed to agree upon the terms of the purchase contract which was to be signed later. The allegations were denied. By counterclaim, appellees sought to recover the amount previously deposited with their agent as liquidated damages. On the pleadings thus framed, the cause was tried to the court. Judgment went for appellees on the counterclaim, and this appeal followed.

The lower court found that there were no fraudulent representations made by appellees or their agent; that appellants breached the agreement; that appellants refused to sign the contract simply because appellees would not agree to protect them against future flood damages.

█ In the main, appellants challenge the sufficiency of the evidence to support the findings. It would serve no beneficial purpose to discuss the evidence extensively. We will just say that we deem it substantial and the findings will not be disturbed on appeal. Edwards v. Peterson, 61 N.M. 104, 295 P.2d 858; Agnew v. Landers, 59 N.M. 54, 278 P.2d 970; Rudy v. Newman,

54 N.M. 230, 220 P.2d 489. Also see our recent case, Rogers v. Stacy, 63 N.M. 317, 318 P.2d 1116.

But the conclusion announced does not dispose of the appeal. The court further found that it was the intent of the parties that the amount of $1,650, deposited with appellees' agent, was to be forfeited as liquidated damages, if appellants should breach the agreement without legal cause or justification. The finding is challenged as not being supported by substantial evidence.

█ We think the court committed error. Whether the amount deposited is to be construed as liquidated damages depends on the intent of the parties. It is well to state that where the terms of an agreement in writing are clear, intent must be ascertained from the language used. But where there is an ambiguity, intent may be ascertained from the language and conduct of the parties and the surrounding circumstances. Clearly, the written agreement does not reflect their intent with respect to the deposit, nor does the testimony. The evidence is all to the effect that the deposit was earnest money and

was to be applied on the purchase price when the deal was closed. Noticeably, this was the testimony of appellee, Ralph F. Fearn, and we quote:

"A. What do we mean by—what was the agreement?

"Q. You entered into this contract, Mr. Fearn, and there was sixteen hundred and fifty dollars deposited with Yancy Clark and Company under that agreement. My question to you is what was that sixteen hundred and fifty dollars for, and you have heretofore answered that it was earnest money and part purchase price. Now, my question is what was the agreement, if any, as to what was to come of the purchase—if the purchaser failed without reason to go through with the contract? A. It would be forfeited as any earnest money would be.

"Mr. Sanders: I move that that be striken unless that was the agreement that he had.

"Mr. Weir: That was my question to him, Mr. Sanders.

"Mr. Martin: That wasn't the response—

"The Court: Just a moment. Just a moment. Was your answer—your answer was that you understood that was to be forfeited? That is your answer, is that right?

"The Witness: Yes.

"The Court: Now, wait a minute. Was that agreement—was that the agreement between the parties, that it was to be forfeited?

"The Witness: If there is an agreement involving a discussion between myself and the Ashleys, no. There was no specific discussion of this.

"The Court: Then there was no agreement as to what was to become of the sixteen-fifty? Is that your answer?

"The Witness: (No response).

"Mr. Weir: Your Honor, could we ask him as to what he understood—

"Mr. Sanders: The Court's asking him questions.

"The Court: I have asked him the question here. We are getting back into, then, as to interpretation of various parties what the contract was when you ask that, so I am asking if there was an agreement, and what was —what it was, if there was any agreement.

"The Witness: There was not a verbal agreement, as such, nor written agreement, other than this agreement.

"The Court: Was this the total agreement in this Plaintiffs' Exhibit 1 here, this original contract?

"The Witness: Yes, I imagine that is the total contract or agreement."

Then Yancy Clark, appellees' agent, testified:

"Q. (Mr. Weir, continuing) What was the sixteen hundred and fifty dollars for that was part of that agreement, Mr. Clark? A. It was ten percent deposit of the purchase price to be held as earnest money and applied against the purchase price of the property.

\*   \*   \*   \*   \*   \*

"The Court: Did you have any instructions as to what was to be done with this money?

"The Witness: No, I didn't have any instructions.

"The Court: Did either of the Ashleys or the Fearns tell you what was to be done with it in the event this contract didn't go through?

"The Witness: No, sir."

So we see that the amount deposited is earnest money. The term "earnest money" is never construed as liquidated damages unless the parties so intend. This is not to say, however, that earnest money may not be considered as liquidated damages in a proper case, for instance, where it is deposited in part performance of a contract; but here the purchase contract was only in the offing. The question is treated fully at 15 Am.Jur. (Damages) section 240 et seq., citing cases.

Since there is a complete failure of proof on a decisive question, the finding must be set aside. The judgment will be reversed with direction to the lower court to dismiss the counterclaim, and enter judgment for appellants. It is so ordered.

LUJAN, C. J., McGHEE, J., and DAVID W. CARMODY, District Judge, concur.

SADLER and KIKER, JJ., not participating.