445 P.2d 958

**MERCURY GAS AND OIL CORPORATION and Bloomfield Gas Company, Plaintiffs-Appellants,**

v.

**RINCON OIL AND GAS CORPORATION and Chemical Bank New York Trust Company, as Trustee for certain Employee Benefit Funds, Defendants-Appellees.**

No. 8542.

Supreme Court of New Mexico.

Aug. 19, 1968.

Rehearing Denied Oct. 24, 1968.

Nordhaus & Moses, Albuquerque, for appellants.

Hinkle, Bondurant & Christy, Harold L. Hensley, Jr., Roswell, for appellee Rincon Oil and Gas Corp.

Iden & Johnson, J. J. Monroe, Albuquerque, for appellee Chemical Bank New York Trust Co.

## OPINION

COMPTON, Justice.

This appeal is from a summary judgment. The action was brought by Mercury Oil and Gas Corporation and Bloomfield Gas Company seeking reformation and, after reformation, specific performance of a contract with Rincon Oil and Gas Company, or, in the alternative, damages for breach of the contract.

The contract, dated December 29, 1965, involved the purchase and sale of certain oil and gas properties owned by Rincon Oil and Gas Company, hereinafter referred to as Rincon, for a consideration of $530,-000.00, one-half to be paid by Mercury Gas and Oil Company, hereinafter referred to as Mercury, and one-half to be paid by Bloomfield Gas Company, hereinafter referred to as Bloomfield. The conveyance of the properties was to be made subject to the reservation by Rincon of production payment in amount of $1,515,000.00 payable out of 95% of the gross income from the properties.

The contract expressly stipulated that it should be closed on or before January 31, 1966, and that at that time Mercury and Bloomfield should pay the cash consideration of $530,000.00, less the amount of $5,000.00 paid as earnest money. On the closing date, Mercury and Bloomfield were unable to tender the funds as stipulated and requested an extension. The extension was granted by Rincon to "on or before February 28, 1966." Consideration therefor was appellants' obtaining an unconditional commitment to purchase the production payments. As of February 28, 1966, Mercury and Bloomfield were still unable to comply with the contract.

 The trial court concluded that since time was of the essence of the con-

tract, there was no genuine issue of fact to be determined and granted summary judgment. With regard to time being of the essence, we agree with the ruling of the court. We think time was made the essence of the contract, but if not, the extension made time of the essence. Rudy v. Newman, 54 N.M. 230, 220 P.2d 489. Contracts involving the purchase and sale of oil and gas properties are governed by the Statute of Frauds and must be in writing, Fullerton v. Kaune, 72 N.M. 201, 382 P.2d 529; Terry v. Humphreys, 27 N.M. 564, 203 P. 539, and where the subject matter is of speculative and fluctuating nature, such as mineral properties, time is of the essence though not expressed in the contract. See Campbell v. Barber, 272 S.W.2d 750 (Tex.Civ.App.); Upham v. Banister, 44 S.W.2d 1014 (Tex.Civ.App.); Langford v. Bivins, 225 S.W. 867 (Tex.Civ. App.). See, also, 55 Am.Jur., Vendor and Purchaser, § 112; 1 Williams & Meyer, Oil and Gas Law, § 320 (1964); 6 Williston on Contracts, § 854 (3d ed. 1962). Where time is of the essence it is necessary that the purchaser make tender of the agreed price according to the terms of the contract. The rule is supported by the cases.

 The failure of the vendee to make tender cannot benefit the vendor if by conduct he waived performance within the time specified. See Grider v. Turnbow, 162 Or. 622, 94 P.2d 285. Further, parol modification relied on by one of the parties may give rise to estoppel. Vaughan v. Jackson, 27 N.M. 293, 200 P. 425 (1921); Kingston, et al. v. Walters, 16 N.M. 59, 113 P. 594 (1911).

 Appellants argued before the trial court and contend here that the performance of the contract had been extended by memoranda, or in the alternative, by parol. We think that it is obvious from the colloquy between the trial judge and counsel that summary judgment was granted solely on the theory that since time was of the essence of the contract it terminated by its own terms as a matter of law, regardless of the effect of the memoranda or of parol.

**540**

We recognize that *parol* cannot revive or extend a contract if it has expired *prior to* the alleged extension. Compare, Pitek v. McGuire, 51 N.M. 364, 184 P.2d 647, 1 A.L.R.2d 830 with Vaughan v. Jackson, supra. Whether the memoranda were sufficient to constitute a waiver or whether estoppel existed—these are questions upon which we express no opinion. However, there are material issues of fact present precluding summary judgment. First, there is the question of an agency relationship between those alleged to have extended the time for performance and the corporation. Second, if such relationship is found to exist, a determination must then be made as to the sufficiency of the alleged oral or written extensions to raise waiver or estoppel. Where a genuine issue of material fact is present, summary judgment should be denied. Section 21-1-1 (56) (c), N.M.S.A.1953; Worley v. United States Borax & Chemical Corp., 78 N.M. 112, 428 P.2d 651.

■ Appellees supported their motion for summary judgment by various affidavits and now claim that the affidavits are not controverted. While we recognize that an opposing party cannot remain silent or defeat a motion for summary judgment by a bare contention that an issue exists, Baca v. Britt, 73 N.M. 1, 385 P.2d 61, we do not find that situation present. The memoranda, whatever their effect may be, were before the court for consideration.

■ While Chemical Bank was a proper party to the action, no affirmative relief was sought against the bank, and appellants are now barred from further action against it.

The judgment is reversed, and the case remanded to the district court with instructions to vacate its judgment and proceed in a manner not inconsistent with this opinion.

It is so ordered.

CHAVEZ, C. J., and CARMODY, J., concur.