412 P.2d 562

W. R. BROWNLEE, Plaintiff-Appellee,

v.

LINCOLN COUNTY LIVESTOCK COMPA-
NY, Employer, and Employers Group of In-
surance Companies, Insurer, Defendants-
Appellants.

No. 7722.

Supreme Court of New Mexico.

March 28, 1966.

Seth, Montgomery, Federici & Andrews, Richard Morris, Santa Fe, for appellants.

Sheehan & Duhigg, Albuquerque, for appellee.

CARMODY, Chief Justice.

The employer and its insurer (defendants below) appeal from an award to claimant of compensation for twenty per cent total permanent disability.

The sole question is one of law, relating to the application of the statutory formula of compensation benefits for partial disability under the Workmen's Compensation Law as it existed at the time of claimant's injury.

Because of the amendments to the Workmen's Compensation Law by ch. 295, Laws of 1965, some confusion may arise as to citation. Therefore, for clarity, the statute which applies to this case appears in New Mexico Statutes Annotated, 1953, Replacement Vol. 9, Part 1, as § 59–10–18.3, which was more specifically § 21, ch. 67, Sess. Laws of 1959. This section is as follows:

"For partial disability the workmen's compensation benefits not specifically provided for in section 59–10–18.4 New Mexico Statutes Annotated, 1953 Compilation, shall be that percentage of the benefit payable for total disability, as provided in section 59–10–18.2, New Mexico Statutes Annotated, 1953 Compilation, which is derived by dividing the workman's average weekly wage before the disability into the difference between such average weekly wage before disability and the average weekly wage he earns or is able to earn after disability, in any employment, which benefits shall be payable for the duration of the workman's partial disability but in no event longer than five hundred (500) weeks."

Defendants urge that, under the facts as found by the trial court, no compensation should have been awarded. The material facts, which are in no sense attacked by the defendants and which they actually concede, are as follows:

"2. That at the time of his injury, the Plaintiff was being paid a cash wage of $250.00 per month, plus a house, gas for heating and cooking, electricity and a calf once a year for beef.

"* * *

"5. That the Plaintiff has suffered a disability of the body as a whole of twenty per cent and has suffered disability of twenty per cent for ranch work.

"6. That Plaintiff has, in addition to his physical injuries, suffered a traumatic neurosis as a result of the accident and

is disabled from continuing in ranch work.

" * * *

"8. That since leaving the employment of Lincoln County Livestock Company, Plaintiff has been continuously employed by the Window Rock, Arizona, School System as a maintenance man, initially at a salary of $4,500.00 per year and presently at a salary of $5,500.00 per year.

"9. That despite the fact that Plaintiff has had actual income since the injury greater than that at the time of his injury, the Court finds that as a result of the injuries he has suffered, continuous headaches and pain in his back and neck, weakness in his arm and the other conditions described by the medical witnesses, the Plaintiff has suffered a decrease in wage earning ability as the applicable statutes have been interpreted by our Supreme Court, insofar as engaging in the same kind of work that he was performing on or about June 26, 1962, when the Plaintiff was injured by an accident arising out of and in the course of his employment as a ranch hand by the Lincoln County Livestock Company."

It should be apparent that the whole controversy relates to the meaning of the statute as to the words " * * * the average weekly wage he earns or is able to earn after disability, in any employment. * * *."

This court has held that the Workmen's Compensation Act, as it was amended by ch. 67, Sess.Laws of 1959, provides that compensation payments not be based upon the injury itself, but rather upon the decreased earning ability produced by the injury. Rayburn v. Boys Super Market, Inc., 1964, 74 N.M. 712, 397 P.2d 953; Blancett v. Homestake-Sapin Partners, 1963, 73 N.M. 47, 385 P.2d 568; Lozano v. Archer, 1962, 71 N.M. 175, 376 P.2d 963; Batte v. Stanley's, 1962, 70 N.M. 364, 374 P.2d 124; and Winter v. Roberson Construction Company, 1962, 70 N.M. 187, 372 P.2d 381, 96 A.L.R.2d 933.

In connection with the findings, our attention is called to the fact that the first portion of finding No. 9 was a finding requested by the claimant. However, the trial court, of its own motion, added the portion of the finding after the words "Supreme Court," and refused a requested finding to the effect that the claimant had suffered a loss in wage-earning ability.

Although claimant, in his brief, attempts to argue the evidence submitted to the trial court as showing a loss of wage-earning ability, nevertheless, having failed to cross-appeal or raise any error under Supreme Court Rule 17(2) (§ 21-2-1 (17) (2); N.M.S.A.1953) as to any of the findings made by the trial court, we accept the findings as the facts before us. No citation of authority is needed because of

our many decisions with respect to unattacked findings of a trial court.

Fully realizing that in Lozano v. Archer, supra, we affirmed an award of total permanent disability because there the claimant was totally disabled even though able to assist his wife in running a small grocery store, nevertheless the case is helpful because of the definition therein contained of "disability." We there said:

> "* * * the disablement of the workman to earn wages in the same kind of work, or work of a similar nature for which he is trained, or is accustomed to perform, *or any other kind of work which a person of his mentality and attainments could do.*" (Emphasis added.)

See also, White v. Industrial Comm'n of Arizona, 1960, 87 Ariz. 154, 348 P.2d 922; Lane v. General Telephone Co. of Northwest, 1962, 85 Idaho 111, 376 P.2d 198; Texas Employers' Insurance Ass'n v. Hawkins (Tex.Civ.App.1965), 387 S.W.2d 469; 2 Larson's Workmen's Compensation Law, § 57.22.

Although payment of full wages following injury is not conclusive on the question of earning ability, Batte v. Stanley's supra; Pies v. Bekins Van and Storage Co., 1962, 70 N.M. 361, 374 P.2d 122, it may be indicative, Breland v. Ceco Steel Products Corp., 1962, 173 Neb. 354, 113 N.W.2d 528; and 2 Larson's Workmen's Compensation Law, § 57.21. As we said in Batte v. Stanley's, supra, the words of the statute, "he earns or is able to earn," must be considered together; but to support a conclusion that earning ability is less than actual earnings, there must be a finding of fact to support that conclusion. Here, there is no finding that what claimant earns is any different from his earning ability. The mere fact that claimant is disabled to some extent "for ranch work" does not justify an award for partial disability when, from a factual standpoint, he is receiving a higher weekly wage than he was earning prior to the injury in another kind of work, which a person of his mentality and attainments can do. Unfortunate as it may be to this particular claimant, findings Nos. 5 and 6, as long as they of themselves do not show an impairment to earning ability other than for "ranch work," are immaterial. We can only be concerned with findings Nos. 8 and 9. This determination is the only logical conclusion that can be reached in view of our prior holdings, particularly in Lozano v. Archer, supra, and considering that the legislature, by using the words, "in any employment," must have contemplated such a situation as we have here present.

The judgment of the trial court will be reversed, as the claimant has not suffered any compensable disability under the Workmen's Compensation Act. It is so ordered.

MOISE and COMPTON, JJ., concur.