529 P.2d 1234

**Wayne ADAMS, Plaintiff-Appellee,**

v.

**Roy B. THOMPSON, Jr., and Helen L. Thompson, Defendants-Appellants.**

**No. 1435.**

Court of Appeals of New Mexico.

Nov. 13, 1974.

Rehearing Denied Nov. 22, 1974.

Certiorari Denied Dec. 20, 1974.

Lynell G. Skarda, Clovis, for defendants-appellants.

B. R. Baldock, T. T. Sanders, Jr., Sanders, Bruin & Baldock, Roswell, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendants, sellers, appeal from a judgment in favor of plaintiff, broker. We reverse.

Plaintiff and defendants entered into an exclusive listing agreement for six months

commencing on March 15, 1972 and providing for a 5% real estate commission and a tax of 4% on said commission. The trial court found as facts that:

"4. The written listing of plaintiff expired by its terms on September 15, 1972. Following expiration of the listing, an extension of the listing was sought by plaintiff. No written extension of the listing was made. Defendant Roy Thompson verbally authorized plaintiff to continue to show the ranch, on a non-exclusive basis, and subject to his prior approval of prospective purchasers.

"5. Pursuant to the verbal arrangement, the plaintiff did produce as a prospective purchaser Harding Burris, a person not previously known to defendants as a prospective purchaser, and who was approved by defendants as a prospective purchaser.

"6. Plaintiff showed the ranch to Johnny Lieb, son-in-law of Harding Burris. Thereafter defendant Roy B. Thompson concluded an agreement for sale of the ranch to Harding Burris upon direct negotiation with the purchaser. Plaintiff was present at the time of preparation and execution of the contract of sale of the property to Harding Burris.

"7. During the course of the negotiations on December 27, 1972, and at all times prior thereto, the Defendant Thompson at no time denied that Wayne Adams was entitled to a real estate commission, nor did he ever inform Wayne Adams, or Wilma Davis, Mr. Adams' representative, of the fact that he did not plan to pay them their five per cent (5%) commission as set forth in their listing agreement.

"8. On the morning of December 28, 1972, Thompson, Harding Burris and Wayne Adams met in the law office of Mr. Skarda, and at that time, Mr. Skarda was requested, on behalf of Thompson, to prepare the sales contract, which sales contract is the sales contract de-scribed as Exhibit 'A' to Plaintiff's Complaint, and which Contract contains specifically the following language, as shown in paragraph number 8:

'Sellers agree to pay a commission on this sale to Wayne Adams of Roswell, New Mexico, and to hold Buyer free, clear and harmless therefrom.'

"9. Paragraph number 8 in the Sales Contract is a ratification of the oral extension of the listing agreement given by Defendant Thompson to Adams."

■■■ Defendants contend that plaintiff was not the procuring cause of the sale. The question of procuring cause is one of fact and an agent will be held to be the procuring cause when the sale is traced to his introduction of the purchaser to the seller. Wilson v. Sewell, 50 N.M. 121, 171 P.2d 647 (1946). The trial court found that the plaintiff did produce as a prospective purchaser Harding Burris, a person not previously known to defendants as a prospective purchaser. There is substantial evidence in the record to support this finding. See Williams v. Engler, 46 N.M. 454, 131 P.2d 267 (1942). Defendants also contend that there was no evidence of an oral extension of the listing agreement. There is also substantial evidence in the record to support that finding. See Williams v. Engler, supra. Thus, if the agreement is valid and enforceable, plaintiff is entitled to his commission.

Section 70-1-43, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, 1961) states:

". . . Any agreement entered into subsequent to the first day of July, 1949, authorizing or employing an agent or broker to purchase or sell lands, tenements, or hereditaments or any interest in or concerning them, for a commission or other compensation, shall be void unless the agreement, or some memorandum or note thereof shall be in writing and signed by the person to be charged therewith, or some other person thereunto by him lawfully authorized. . . ."

The issue is whether paragraph 8 of the sales contract was a ratification of a post-expiration oral extension of the written listing agreement. It is settled law that ratification as a principle is applicable only to contracts which are voidable, not void. Dunn v. Hite, 27 N.M. 53, 195 P. 1078 (1921); Gross-Kelly & Co. v. Bibo, 19 N.M. 495, 145 P. 480 (1914).

First, the statute, § 70-1-43, supra, expressly states that realty brokerage agreements not in writing are void.

Second, principles of statutory construction indicate a legislative intent to make such agreements void. The English Statute of Frauds and Perjuries (29 Car. II, c. 3) has been adopted in New Mexico. Childers v. Talbott, 4 N.M. (Gild.) 336, 16 P. 275 (1888); Ades v. Supreme Lodge Order of Ahepa, 51 N.M. 164, 181 P.2d 161 (1947). Section 4 of the original statute, which is still in force, uses the words "no action shall be brought." These words have been held to effect only the enforceability and not the validity of contracts not satisfying the statute, 3 Williston, 3rd Ed. by Jaeger, Contracts § 527 (1960). The legislature, having used the word "void" in contrast to the words of the original statute, has thereby shown an intention that non-complying brokerage contracts should be treated differently than non-complying contracts for an interest in realty or contracts not to be performed within a year. The latter types are merely unenforceable while the former is null and void.

Third, the case law supports this interpretation. It has been held that an oral modification of a brokerage agreement subsequent to the written agreement is void. Yrisarri v. Wallis, 76 N.M. 776, 418 P.2d 852 (1966).

Plaintiff relies heavily on Landers v. Board of Education of Town of Hot Springs, 45 N.M. 446, 116 P.2d 690 (1941), for the proposition that void contracts are capable of ratification in New Mexico. There, a teacher was hired by the individual members of a school board by a contract not adopted at a meeting. The court held the contract invalid but also held that the board later ratified it. Landers v. Board of Education of Town of Hot Springs, supra, is distinguishable on the basis that the problem therein was that the individual board members lacked capacity to bind the school district. Their power to employ teachers emanated only from officially convened sessions of a quorum of the board. Where one party lacks capacity, the modern view is to hold the contract voidable and not void. See generally 2 Williston, Contracts, Chapters 9, 10 and 11 (1960).

In addition, the case law decided with reference to the English Statute of Frauds, adopted as part of our common law, indicates that oral agreements in the manner of the instant one should not be upheld. As § 70-1-43, supra, is an extension of the Statute of Frauds, Harris v. Dunn, 55 N.M. 434, 234 P.2d 821 (1951), its rationale is equally applicable here. A contract within the Statute of Frauds, that has expired by its terms, cannot be revived and extended by parol agreement. Mercury Gas and Oil Corp. v. Rincon Oil and Gas Corp., 79 N.M. 537, 445 P.2d 958 (1968); Pitek v. McGuire, 51 N.M. 364, 184 P.2d 647, 1 A.L.R.2d 830 (1947).

Thus, there could be no ratification of the oral extension of the listing. The trial court's decision must be reversed unless it can be sustained for other reasons. Tsosie v. Foundation Reserve Insurance Company, 77 N.M. 671, 427 P.2d 29 (1967).

Plaintiff contends that there are two other reasons to sustain the decision of the trial court: (1) There is a written memorandum which takes the oral extension out of the Statute of Frauds; and, (2) The doctrines of estoppel, waiver or using the Statute of Frauds to perpetrate a fraud are applicable to the facts of this case.

It is plaintiff's contention that paragraph 8 of the sales contract is a memorandum of the oral agreement thus

taking it out of the Statute of Frauds. However, the amount of commission is an essential element of the memorandum. Carney v. McGinnis, 68 N.M. 68, 358 P.2d 694 (1961); Traub v. Nason & Childers, 57 N.M. 473, 260 P.2d 379 (1953). Paragraph 8 does not contain the amount of commission nor does it refer to the expired listing. Plaintiff asserts that this is not fatal since the amount of commission is stated in the original written agreement. However, if essential elements of the memorandum are to be found in writings prior to the oral agreement, such writtings must be expressly incorporated into the memorandum. Pitek v. McGuire, supra. As paragraph 8 does not refer to the original agreement, plaintiff's first alternate sustaining reason must fail.

The doctrines of estoppel, waiver and the like are essentially equitable principles, exceptions to the strict operation of the Statute of Frauds, and invokable to prevent fraud when the intent and purpose of the legislature would not be destroyed thereby.

■ Plaintiff makes a generalized claim that the judgment should be affirmed under the above equitable principles. There being no cross-appeal under § 21–2–1(7), N.M.S.A.1953 (Repl.Vol. 4, 1970), plaintiff's claim is necessarily based on § 21–2–1(17)(2), N.M.S.A.1953 (Repl.Vol. 4, 1970). Section 21–2–1(17)(2), supra, provides:

> "In causes tried without a jury, if errors have been committed against the appellee . . . and the same be preserved for review and points concisely stated, as required in these rules, the Supreme Court [Court of Appeals] shall consider and determine whether, not withstanding error committed against appellant . . ., the judgment may be affirmed; . . . ."

In Frederick v. Younger Van Lines, 74 N. M. 320, 393 P.2d 438 (1964) the court stated:

> ". . . To obtain a review under Rule 17(2) no notice of cross-appeal is required, but merely the making of a point in the appellee's brief of the claimed error together with arguments thereon. . . ."

Plaintiff has not preserved for review his argument on the applicability of equitable principles. He has not asserted that any finding made by the trial court was error, nor has he referred to any requested conclusions refused by the trial court.

■ Not having attacked any of the findings of the trial court, those findings are the facts before us. Brownlee v. Lincoln County Livestock Company, 76 N.M. 137, 412 P.2d 562 (1966); McLain v. Haley, 53 N.M. 327, 207 P.2d 1013 (1949). Plaintiff makes no effort to show how, on the basis of the findings made, the trial court was required to reach legal conclusions concerning estoppel, waiver or fraud.

■ We do not consider whether the equitable doctrines, on which plaintiff relies, apply in cases involving § 70–1–43, supra. See Mercury Oil and Gas Corp. v. Rincon Gas and Oil Corp., supra; Harris v. Dunn, supra. Our holding is no more than this: Even assuming the applicability of the equitable doctrines were before us for review, plaintiff had the burden of demonstrating how the trial court erred in failing to apply those doctrines in the light of the unchallenged findings. Plaintiff has not met his burden of demonstrating error. Novak v. Dow, 82 N.M. 30, 474 P. 2d 712 (Ct.App.1970).

Reversed and remanded for action consistent herewith.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.