653 P.2d 1226

**Robert M. MARTINEZ,
Plaintiff-Appellant,**

v.

**ZIA COMPANY and United States
Fidelity & Guaranty Company,
Defendants-Appellees.**

**No. 5738.**

Court of Appeals of New Mexico.

Nov. 9, 1982.

Matthew L. Chacon, Espanola, for plaintiff-appellant.

Sumner G. Buell, Jasper & Buell, Santa Fe, for defendants-appellees.

## OPINION

SUTIN, Judge.

This is a workmen's compensation case. The trial court entered judgment in which it ORDERED:

1. That Plaintiff have Judgment from and against Defendants for temporary, partial disability of twenty-five percent (25%) * * *:

* * * * * *

2. No determination is made with regards to any permanent disability, this matter to be determined if and when such condition arises.

Plaintiff appeals. We reverse.

The court found:

* * * * * *

13. As a combined result of Plaintiff's accidental injuries and since September 16, 1980, the Plaintiff has been unable to perform any of the work he was doing at the time of the injuries, nor any other work for which he is fitted by reason of age, education, expereicne [sic] and training, nor will he be able to do this type of work indefinitely into the future.

* * * * * *

16. Plaintiff has been told by his doctors that he is overweight between forty to fifty pounds; that this condition aggravates his back problem and that plaintiff should lose this excess weight.

17. Plaintiff has not refused nor failed to undergo any recommended treatment or surgery.

* * * * * *

The court concluded:

* * * * * *

5. As a direct and proximate cause of Plaintiff's accidental injuries, and since September 16, 1980 to the present, he is

disabled to the extent of twenty five percent (25%).

\* \* \* \* \* \*

■ The trial court found that plaintiff was totally disabled (§ 52–1–24, N.M.S.A. 1978) "indefinitely into the future." Finding No. 13 constitutes permanent total disability. *Lane v. Levi Strauss & Co.,* 92 N.M. 504, 590 P.2d 652 (Ct.App.1979). Nevertheless, the court concluded that plaintiff was 25% partially disabled. The conclusion is not supported by the findings. Plaintiff may have been punished to the extent of 75% of his disability because "plaintiff should lose this excess weight." No finding was made that plaintiff could have but refused to lose his excess weight and that the loss of the excess weight would have reduced total disability to 25% temporary partial disability. To the contrary, the court found that "Plaintiff has not refused nor failed to undergo any recommended treatment." No rational basis exists for reducing plaintiff's total permanent disability to 25% temporary partial disability.

*Quintana v. Trotz Construction Company,* 79 N.M. 109, 440 P.2d 301 (1968) held under almost identical circumstances that the function of the Supreme Court in reviewing workmen's compensation proceedings is to correct a district court's conclusions which are not supported by the findings; that the limitation of plaintiff's compensation to 20% was erroneous and that plaintiff was entitled to 100% disability. We follow the legal route taken in *Quintana.*

Defendants claim that Finding No. 16 consists of an "injurious practice" pursuant to § 52–1–51, N.M.S.A.1978, which reads in pertinent part:

*If any workman shall persist in any \* \* injurious practice which tends to imperil, retard or impair his recovery or increase his disability* or shall refuse to submit to such medical or surgical treatment as is reasonably essential to promote his recovery, *the court may in its discretion reduce*

*or suspend his compensation.* [Emphasis added.]

The unemphasized alternative provision is not applicable because plaintiff did not refuse to submit to medical or surgical treatment. See, *Gonzales v. Bates Lumber Co.,* 96 N.M. 422, 631 P.2d 328 (Ct.App.1981) where defendant contended that plaintiff's failure to lose weight constituted an "injurious practice," a refusal to receive medical treatment. The court held that plaintiff's failure to lose weight was not unreasonable.

■ We are now confronted with a loss of weight problem under the primary provision of § 52–1–51. To use the dictionary as a fortress, we define "persist in any injurious practice" to mean that a workman must, as a matter of habit, go on resolutely or stubbornly in spite of opposition, importunity or warning, to inflict or tend to inflict injury to himself.

The trial court made no such finding. Defendants requested the court to find:

\* \* \* \* \* \*

7. By failing to follow his doctors' instructions, plaintiff has engaged in an injurious practice that has impeded or retarded his recovery. Further the loss of weight is not in anyway life threatening and is not a surgical procedure.

■ This finding was refused. Defendants do not argue that the trial court erred in this respect. If the error were raised, the finding is erroneous because it does not include the element of "persist in any injurious practice." Neither did defendants challenge Finding No. 17 that "Plaintiff has not refused nor failed to undergo any recommended treatment or surgery." Such error may be raised without taking a cross-appeal. Rule 3(b) of the Rules of Appellate Procedure. For failure to do so, we accept the findings before us as facts. *Brown Lee v. Lincoln County Livestock Company,* 76 N.M. 137, 412 P.2d 562 (1966); *Adams v. Thompson,* 87 N.M. 113, 529 P.2d 1234 (Ct.App.1974).

We hold that limitation of plaintiff's compensation recovery to 25% temporary partial disability was erroneous; that plaintiff is entitled to 100% total permanent disability until the further order of the court.

Reversed and remanded to the district court to vacate and set aside its judgment, award plaintiff a reasonable attorney fee for services rendered in the trial court and enter an amended judgment wherein plaintiff has judgment against defendants for total permanent disability payable as provided by law, together with a reasonable attorney fee. Plaintiff is awarded an attorney fee of $2,000.00 for services rendered in this appeal. Defendants shall pay the costs of this appeal.

IT IS SO ORDERED.

NEAL, J., concurs.

HENDLEY, J., dissents.

HENDLEY, Judge (dissenting).

I respectfully dissent.

This case should be remanded to the trial court to correct its inconsistent findings of fact. Those findings of fact state:

16. Plaintiff has been told by his doctors that he is overweight between forty to fifty pounds; that this condition aggravates his back problem and that plaintiff should lose this excess weight.

17. Plaintiff has not refused nor failed to undergo any recommended treatment or surgery.

Further, a conclusion of permanent disability is not called for in this case. The trial court specifically stated in the judgment that no determination was made as to permanent disability. It was evidently not satisfied that the disability was permanent.

Accordingly, I dissent.