839 P.2d 641

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Ben VIGIL, Defendant–Appellee.**

**No. 13215.**

Court of Appeals of New Mexico.

July 6, 1992.

Certiorari Denied Sept. 10, 1992.

Tom Udall, Atty. Gen., Joel K. Jacobsen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Sammy J. Quintana, Chief Public Defender, Amme M. Hogan, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

BIVINS, Judge.

The State appeals the district court's order dismissing criminal charges against Defendant pursuant to SCRA 1986, 6–506(B) (Repl.1990), the magistrate court six-month rule. The sole issue raised on appeal is whether the district court properly dismissed the charges against Defendant, where the State filed an amended criminal complaint which it argues superseded the original complaint. We reverse.

### A. FACTS

Defendant was arrested on December 22, 1989. On December 28, 1989, the arresting officer filed two criminal complaints against Defendant in magistrate court. Defendant was charged with six offenses: Following another vehicle too closely, making improper lane changes, driving under the influence of alcohol (DUI), possession of an open container, possession of less than one ounce of marijuana, and assault on a police officer.

Defendant pled not guilty at his arraignment in magistrate court on January 25, 1990. Defendant was not represented by counsel at his arraignment. Trial was set for February 26, 1990. In accordance with local magistrate court procedure, the district attorney's office was not notified of Defendant's trial because he was not represented by counsel. On the date of trial, Defendant appeared with his attorney. The magistrate court notified the district attorney's office so that the case could be prosecuted on behalf of the State. The State requested a continuance because of the short notice, which was granted.

On March 14, 1990, the State filed an amended criminal complaint, realleging the two traffic violations, the DUI offense, the open container charge, and the assault on a police officer offense. The amended complaint dropped the earlier possession of

marijuana charge, and, instead, charged Defendant with possession of drug paraphernalia. Trial on the charges set out in the amended complaint was scheduled for July 10, 1990. On that date, the State failed to obtain the keys to the evidence locker containing the physical evidence collected against Defendant, and, as a result, was unable to bring the drug paraphernalia evidence to court. Rather than proceed with only the arresting officer's testimony against Defendant, the State dropped the drug paraphernalia charge on the day of trial. Defendant moved to dismiss the other charges for violation of the applicable six-month rule, Rule 6–506(B). His motion was denied, and Defendant was found guilty on four of the original charges.

Defendant appealed to the district court. He filed a motion to dismiss the charges against him, again arguing violation of the six-month rule. The district court, after hearing the parties' arguments, granted the motion. The court concluded that the six-month rule expiration date for the original criminal complaint was June 29, 1990; that the six-month rule expiration date for the amended criminal complaint was September 29, 1990; that the amended complaint contained a significant new charge, the paraphernalia count; that the State had not intended to circumvent the six-month rule by filing the amended complaint; and that because on the July 10, 1990, trial date the State dismissed the drug paraphernalia charges, the only new crime alleged in the amended complaint, the complaint "reverted back" to the original complaint, meaning that the six-month expiration date was June 29, 1990.[1] Thus, the court's ultimate conclusion was that the bench trial held on July 10, 1990, was held past the six-month deadline in violation of Rule 6–506(B).

## B. DISCUSSION

■ The State contends that the district court erred in reverting the time calculation to the original complaint when the State dismissed the new charge. Defendant contends that should we agree with the State's argument, we should nonetheless find that the district court erred in finding that the second charge was a "new and significant" charge. Absent an intent to circumvent the six-month rule, an amended complaint containing significant changes in the offenses charged supersedes the original complaint for purposes of the rule. *State v. Lucero*, 108 N.M. 548, 550, 775 P.2d 750, 752 (Ct.App.), *cert. denied*, 108 N.M. 433, 773 P.2d 1240 (1989). The State has the burden of demonstrating a good-faith use of the procedures involved and that such procedures have not been utilized to circumvent the operation of the six-month rule. *See State ex rel. Delgado v. Stanley*, 83 N.M. 626, 627, 495 P.2d 1073, 1074 (1972). We are aware of no authority, and Defendant has cited to none, for the proposition that an amended complaint may be vitiated if the State subsequently drops the charges that make the amended complaint differ from the original complaint. The focus of the inquiry is instead upon two questions: (1) whether the amended complaint is truly an amended complaint or simply an amendment to the original complaint; and (2) whether the State intended to circumvent the six-month rule at the time the amended complaint was filed. *See Lucero*, 108 N.M. at 550–51, 775 P.2d at 752–53; *see also State v. Chacon*, 103 N.M. 288, 289, 706 P.2d 152, 153 (1985).

1. Amended Complaint vs. Amendment to Original Complaint

■ The crucial time period for purposes of deciding cases such as this is the time the purported amended complaint is filed. If, at the time of filing, the document is actually an amendment to a complaint, the original time limitations would apply. Defendant argues that the paraphernalia charge was not a new and significant charge, as the district court found, and, thus, Defendant maintains that the second complaint filed was not truly an amended complaint, but an amendment to the original. *Cf. Lucero*, 108 N.M. at 550, 775 P.2d at 752 (when new complaint contains "sig-

---

1. Although we are aware that the district court's conclusions of law refer to these events as occurring in 1991, we disregard this as a typographical error.

nificant changes" in offense charged, it supersedes original).[2]

We disagree with Defendant's argument that the substitution of the paraphernalia charge for the marijuana charge was not a significant change in the complaint. The paraphernalia charge was based on different evidence than the marijuana charge, and the potential penalty for the paraphernalia charge was greater than for the marijuana charge. *See Chacon,* 103 N.M. at 289, 706 P.2d at 153 (change in possible sentence makes supplemental information an amended information, rather than amendment to information); *State v. Benally,* 99 N.M. 415, 658 P.2d 1142 (Ct.App. 1983) (subsequent criminal information charging different offenses with different elements than the offense originally charged, but basing charges on same set of acts by defendant, was amended information, not amendment to information).

In addition, Defendant maintains that the paraphernalia charge was not new because it was based on evidence already in the State's possession at the time of filing the original complaint. We note, first of all, that Defendant has not pointed to any testimony indicating that this was the case. In addition, however, we cannot say that this fact, as a matter of law, means that the addition of the paraphernalia charge was not a significant change in the complaint. *Cf. id.* at 417–18, 658 P.2d at 1144–45 (holding that a change in the offense charged, even if based on same actions of defendant, makes subsequent information an amended information). We hold that the amended complaint contained a significant new charge and was not simply an amendment to the original complaint.

### 2. Intent to Circumvent Six–Month Rule

■ In this case, by concluding that "[t]here was no intent to circumvent the six-month rule by the prosecutor," the district court implicitly determined that the State's modification of the original complaint to drop the possession of marijuana charge and add a charge of possession of drug paraphernalia was based on a genuine belief that the new charge was supported by the evidence and was not simply · an attempt to obtain an extension of the original deadline. We agree. We recognize that while the pattern of activity in this case could have been construed as evidence of an intent to evade the restrictions of the six-month rule, the State provided an explanation for that dismissal, and the district court believed that explanation. *See Stanley,* 83 N.M. at 627, 495 P.2d at 1074. We will not disturb that factual determination on appeal, especially since Defendant has pointed to no facts in the record contradicting the decision, except for the bare fact that the paraphernalia charge was dismissed prior to trial. *See State v. Boeglin,* 100 N.M. 127, 132, 666 P.2d 1274, 1279 (Ct.App.1983) (resolution of factual conflicts and credibility issues is within province of trier of fact). Under the applicable case law, therefore, the amended complaint superseded the original complaint and a new six-month rule period began to run on the date the amended complaint was filed. *See Lucero,* 108 N.M. at 550, 775 P.2d at 752.

■ Finally, Defendant claims that the district court had discretion to dismiss the complaint and that its decision should not be reversed absent abuse of that discretion. We disagree. Once the court found there was no intent to circumvent the six-month rule, and that the new complaint contained a significant change, it was bound by the cases we have cited above and was required to deny the motion to dismiss.

---

**2.** The State maintains that Defendant may not raise this issue because he did not cross-appeal from the district court's decision. It is not necessary, however, to file a cross-appeal in order to preserve an alternative ground for affirmance. *See Adams v. Thompson,* 87 N.M. 113, 117, 529 P.2d 1234, 1238 (Ct.App.) (appellee who wishes to have decision affirmed on grounds other than those stated need not file cross-appeal, but must specifically point out trial court's error in the answer brief), *cert. denied,* 87 N.M. 111, 529 P.2d 1232 (1974). Defendant has raised the issue adequately by specifically challenging the district court's conclusion that the second complaint contained a new and significant charge. We therefore deny the State's motion to strike Defendant's issue.

Based on the foregoing, we reverse the district court's dismissal of the charges, and remand for proceedings consistent with this opinion.

IT IS SO ORDERED.

DONNELLY and APODACA, JJ., concur.