This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                        **NOS. 29,261 & 29,341**
                                **(Consolidated)**

**CHRISTOPHER SANCHEZ,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**J. Richard Brown, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Ruben S. Cortez
Hobbs, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant appeals his convictions for trafficking a controlled substance (possession with intent to distribute), cocaine, and possession of a controlled substance, marijuana. We affirm Defendant's convictions.

**BACKGROUND**

Defendant was arrested on March 2, 2007, and charged with trafficking a controlled substance (transfer to another) and possession of marijuana. The State filed a criminal information charging Defendant with those offenses. Defendant moved to require disclosure of the identity and location of the confidential informant who had been instrumental in Defendant's arrest. At a hearing on Defendant's motion in October 2007, the State apparently realized that the criminal information did not conform with its theory of the case. Shortly after the hearing, the State filed an amended information, changing the charge of trafficking a controlled substance (transfer to another) to trafficking (possession with intent to distribute). The possession of marijuana charge was unchanged.

Defendant requested a preliminary hearing on the amended information. The district court granted Defendant's motion stating that "[s]ince the amended information alleged a substantially different factual basis for a violation of the trafficking statute, Defendant was entitled to a new preliminary hearing." The district court also found that there was "no evidence that the [S]tate purposely drafted any

pleading incorrectly or in any way sought an unfair advantage by violating the relevant procedural rules." Following the preliminary hearing and bind over, on January 14, 2008, the State filed an amended criminal information in district court, restating the charges against Defendant. Defendant was arraigned on the second criminal information on April 29, 2008. Defendant's trial in this matter was held on October 9 and 10, 2008. At trial, Defendant was found guilty of both possession charges.

Defendant raises six issues on appeal. Defendant argues that: (1) the district court erred in finding that the State did not intentionally circumvent the six-month rule; (2) the district court erred in denying Defendant's motion to dismiss for violation of his speedy trial right; (3) the district court erred in denying Defendant's motion for a mistrial based upon the court's failure to voir dire jurors as to their law enforcement connections; (4) the district court erred in denying Defendant's motion for a mistrial based upon the court's failure to present the witnesses to the prospective jurors prior to final jury selection; (5) the district court erred in denying Defendant's motion for a mistrial based on inaccurate statements made by the State in its opening statement; and (6) that cumulative error denied Defendant a fair trial. We address each of Defendant's arguments in turn.

**DISCUSSION**

3

**The Six-Month Rule**

Defendant argues that the district court erred when it denied his motion to dismiss because the State intentionally circumvented the provisions of the six-month rule set forth in Rule 5-604(B)-(E) NMRA.

We begin by noting that since the parties have briefed this case the Supreme Court has withdrawn Rule 5-604(B)-(E) for all pending cases as of May 12, 2010. *State v. Savedra*, 2010-NMSC-025, ¶ 9, 148 N.M. 301, 236 P.3d 20 (observing that "the six-month rule has become an unnecessary and sometimes counterproductive method for protecting a defendant's right to a speedy trial" and withdrawing the six-month rule provisions set forth in Rule 5-604(B)-(E)). District courts are instead directed to utilize a speedy trial analysis when determining whether charges against a defendant should stand. *Savedra*, 2010-NMSC-025, ¶ 8. This rule change applies to those cases still pending in the district court after *Savedra* was announced. *Id.* ¶ 9; *see also* Rule 5-604 (revised 2010) compiler's note (available at http://www.nmcompcomm.us/nmrules/nmruleset.aspx?rs=5) (explaining that paragraph B, the time for commencement of trial in the district court, is withdrawn for cases pending in the district court on or after May 12, 2010); *N.M. Mining Comm'n v. United Nuclear Corp.*, 2002-NMCA-108, ¶ 4, 133 N.M. 8, 57 P.3d 862 (reiterating that "a case must be pending in the tribunal that will be affected by the rule change for

4

Article IV, Section 34 to apply" and stating that no act of the Legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure in any pending case (emphasis omitted)); *State v. DeBaca*, 90 N.M. 806, 808, 568 P.2d 1252, 1254 (Ct. App. 1977) (explaining that Article IV, Section 34 of the New Mexico Constitution applies to court rules as well as legislation); *but see State v. Pieri*, 2009-NMSC-019, ¶¶ 19-20, 146 N.M. 155, 207 P.3d 1132 (holding Article IV, Section 34 does not apply to court rules where the rule does not have the effect of a legislative act and applying the rule change prospectively with limited retroactivity). Because Defendant's case was already on appeal at the time the rule change was announced, we analyze his claims under the old rule just as the Supreme Court did in *Savedra*. *See, e.g.*, *Savedra*, 2010-NMSC-025, ¶ 9 (abolishing the six-month rule for district courts but applying the old rule to the defendants' cases).

In this case, Defendant argues that the State intentionally circumvented the six-month rule by amending the criminal information in order "to gain a tactical advantage over [Defendant]." Whether there is bad faith or intentional delay by the State is a question of fact. *State v. Bolton*, 1997-NMCA-007, ¶ 13, 122 N.M. 831, 932 P.2d 1075 (filed 1996), *abrogated on other grounds by Savedra*, 2010-NMSC-025, ¶ 2. We review the district court's determination that there was no intent to circumvent the rule for substantial evidence. *See State v. Rayburns*, 2008-NMCA-

5

050, ¶ 22, 143 N.M. 803, 182 P.3d 786.  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted).  "Absent an intent to circumvent the six-month rule, an amended complaint containing significant changes in the offenses charged supersedes the original complaint for purposes of the [six-month] rule." *State v. Vigil*, 114 N.M. 431, 433, 839 P.2d 641, 643 (Ct. App. 1992).  "The State has the burden of demonstrating a good-faith use of the procedures involved and that such procedures have not been utilized to circumvent the operation of the six-month rule." *Id.*

In its order denying Defendant's motion to dismiss, the district court noted that at an earlier hearing on Defendant's motion to require disclosure of the identity and location of the confidential informant, the State realized that its criminal information improperly charged Defendant with trafficking (transfer to another).  Soon thereafter, the State filed an amended information charging Defendant with trafficking (possession with intent to distribute), in place of trafficking (transfer to another).  The district court found that "[t]here is no evidence that the [S]tate purposely drafted any pleading incorrectly or in any way sought an unfair advantage by violating the relevant procedural rules" when it amended the trafficking charge.

Defendant argues that the State aggressively resisted Defendant's motion to discover the identity of the confidential informant and that it was not until the State realized that the officer did not send the cocaine from the informant's "buy" for testing that the State changed its trafficking theory to possession with the intent to distribute. Even assuming Defendant's argument is true, he nevertheless fails to allege that the State amended the complaint with an intent to circumvent the time limit for bringing him to trial. At most, Defendant's contention establishes that the State realized it needed to amend the criminal information to conform to the evidence. Defendant has made no showing that the State's amendment to the criminal information was done for the purposes of obtaining an extension of the time limit for trial from the original charges filed. *See Vigil*, 114 N.M. at 434, 839 P.2d at 644 (reversing the district court and holding that there was insufficient evidence that the State intended to circumvent the six-month rule where the State amended the complaint by replacing the drug possession charge with a drug paraphernalia charge for which the complaint was amended). We determine that substantial evidence supports the district court's finding. Because the filing of the amended information initiated a new case, the six-month period ran from the date of arraignment on April 29, 2008, and Defendant's trial commenced within six months of arraignment.

Therefore, the district court did not err in denying Defendant's motion to dismiss pursuant to the six-month rule.

**Right to a Speedy Trial**

Defendant next argues that the district court erred in denying Defendant's motion to dismiss for violation of his right to a speedy trial. Defendant asserts that the district court erred because, although it weighed all the speedy trial factors at least slightly in his favor, it denied any violation because the prejudice to Defendant was not substantial enough to merit dismissal. We agree with the district court's decision.

The United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. In order to determine whether a speedy trial violation has occurred, New Mexico courts must weigh four factors: "(1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant." *State v. Plouse,* 2003-NMCA-048, ¶ 34, 133 N.M. 495, 64 P.3d 522. These factors derive from United States Supreme Court case, *Barker v. Wingo*, 407 U.S. 514 (1972), and are sometimes referred to as the *Barker* factors. "In considering each of these factors, we defer to the trial court's factual findings but review de novo the question of whether the defendant's constitutional right was violated." *State v. Valencia*, 2010-NMCA-005, ¶ 11, 147 N.M. 432, 224 P.3d 659 (filed 2009) (alteration omitted)

(internal quotation marks and citation omitted), *cert. denied*, 2009-NMCERT-012, 147 N.M. 600, 227 P.3d 90.

"When a speedy trial claim is made, the defendant must make a threshold showing that the length of delay is presumptively prejudicial." *State v. Stock*, 2006-NMCA-140, ¶ 12, 140 N.M. 676, 147 P.3d 885 (internal quotation marks and citation omitted). However, based on our Supreme Court's recent holding in *State v. Garza*, 2009-NMSC-038, ¶ 21, 146 N.M. 499, 212 P.3d 387, a showing of a presumption of prejudice serves only to trigger a further analysis based on the other three factors. Prior to *Garza*, when a defendant made a showing of a presumptively prejudicial delay, the burden then shifted to the State to affirmatively show that the balance of the factors weighed in its favor; otherwise, "the reviewing court must conclude that a defendant's right to a speedy trial has been violated." *Id.* ¶ 19. The *Garza* Court modified this standard stating that "a 'presumptively prejudicial' length of delay is simply a triggering mechanism" that requires further inquiry, and that the length of delay becomes simply "one of four factors in the analysis, none of which alone are sufficient to find a violation of the right." *Id.* ¶¶ 21, 23. The Court went on to state that, "where the defendant proves actual prejudice, . . . the [s]tate retains its burden of persuasion on the ultimate question of whether the defendant's right to a speedy trial has been violated." *Id.* ¶ 22 (citation omitted). Finally, the Court held that unless the

length of delay and the reasons for the delay weigh heavily in the defendant's favor, a defendant must show "particularized prejudice of the kind against which the speedy trial right is intended to protect" in order to prevail on a motion to dismiss for a violation of the right to speedy trial. *Id.* ¶ 39.

In *Garza*, our Supreme Court also revised the guidelines for a presumptively prejudicial delay, holding that "one year is the appropriate guideline for determining when the length of delay for a simple case may be considered presumptively prejudicial." *Id.* ¶ 47. The Court similarly held that fifteen-month and eighteen-month thresholds were appropriate for cases of intermediate complexity and complex cases, respectively. *Id.* ¶ 48. Finally, the *Garza* Court held that the new guidelines apply "to speedy trial motions to dismiss initiated on or after August 13, 2007." *Id.* ¶ 50.

Defendant made his first motion to dismiss on speedy trial grounds on December 17, 2007, after the new guidelines were in effect. Further, the district court found that the present case was a "simple case" for the purposes of determining whether a speedy trial violation had occurred. We defer to the district court's determination of the complexity of the case. *See State v. Coffin*, 1999-NMSC-038, ¶ 57, 128 N.M. 192, 991 P.2d 477 (stating that "the trial court is in the best position to determine the complexity of a case"); *see also Plouse*, 2003-NMCA-048, ¶ 42 ("We

give due deference to the district court's findings as to the level of complexity."). Because the present case is a "simple case" in which the motion to dismiss on speedy trial grounds was filed after August 13, 2007, we apply the new *Garza* guideline of one year to determine whether a presumptively prejudicial delay has occurred.

Defendant argues, and the district court found, that "Defendant's right to a speedy trial attached on the day he was arrested, March 2, 2007." Based on the March 2, 2007 date, Defendant states that the total length of the delay between his arrest and the start of his trial on October 9, 2008, was nineteen months and seven days, which is presumptively prejudicial under our Supreme Court's guidelines as stated in *Garza*. The State argues, on the other hand, that Defendant's right to a speedy trial attached on October 16, 2007, when the criminal information was amended to charge the crime of trafficking by possession, which was the crime for which Defendant was actually tried. By the State's reasoning, the delay in trial is just under the one year guideline established by *Garza*.

It is not necessary for us to decide on which date Defendant's right attached because, even assuming the delay falls within the presumptively prejudicial range, we conclude that the first three *Barker* factors, the length of delay, the reason for the delay, and Defendant's assertion of his right, do not weigh sufficiently heavily in Defendant's favor to offset the fact that Defendant failed to meet his burden to show

11

"particularized prejudice of the kind against which the speedy trial right is intended to protect" as required by our Supreme Court's holding in *Garza*. *See Garza*, 2009-NMSC-038, ¶ 39.

In its order regarding Defendant's first motion to dismiss, the district court found that the primary reason for the delay was the State's mistaken pleadings and, therefore, the delay weighed somewhat against the State and slightly in favor of Defendant. However, the court also found that there was "no evidence that the [S]tate purposely drafted any pleading incorrectly or in any way sought an unfair advantage by violating the relevant procedural rules" and, therefore, the delay was not *per se* prejudicial. The district court did not state its findings and conclusions in its order denying Defendant's second motion to dismiss; however, we see nothing in the record that would indicate that the additional five-month delay between the court's first order and the trial would cause the delay to weigh more heavily in Defendant's favor.

Defendant asserted his right to a speedy trial several times during the course of the proceedings, filing two demands for speedy trial. The first was a *pro forma* pleading filed early in the case and the second was approximately six months into the proceedings. Defendant also moved twice to have the charges dismissed on speedy trial grounds. The district court found Defendant's assertions to weigh slightly in his favor. We find nothing in the record to indicate an alternative finding.

12

With the first three factors weighing only slightly in favor of Defendant, under *Garza*, Defendant must show "particularized prejudice of the kind against which the speedy trial right is intended to protect" in order to prevail on his motion to dismiss. *See Garza*, 2009-NMSC-038, ¶ 39. Based on our review of the record and Defendant's arguments, we conclude that the district court was correct in determining that Defendant did not suffer significant prejudice as a result of the delay.

In *Garza*, our Supreme Court stated that prejudice to the defendant should be analyzed based on three areas of interest: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* ¶ 35. The *Garza* Court also stated, however, that some pretrial incarceration and anxiety are inherent in the process and, therefore, the first two factors are weighed in the defendant's favor "only where the pretrial incarceration or the anxiety suffered is undue." *Id.*

In the present case, Defendant posted a $50,000 surety bond on the date of his arrest and remained at liberty for the remainder of the proceedings. The district court found that while Defendant may have suffered public approbation and personal anxiety and was subject to restriction based on the conditions of release, nothing in this regard was "undue under the circumstances." Again, we see nothing in the record

13

that contradicts the court's finding. Additionally, Defendant himself does not offer any argument that he suffered this type of prejudice.

Defendant's sole argument on appeal regarding the prejudice he suffered due to the delay in bringing him to trial appears to relate to the third factor listed by the *Garza* Court, impairment of defense. Defendant argues in general terms without citation to the record that the State's change in the charges denied Defendant timely notice of the charges against him and impaired his ability to develop his defense.

The district court found that there was no evidence that Defendant's ability to prepare a defense was impaired in any way by the delay in trial. The State amended the criminal information on October 16, 2007, to accurately reflect the charges on which Defendant was ultimately tried on October 9, 2008. Based on this timetable, we conclude that Defendant had almost a year to prepare his defense on the amended charges; therefore, Defendant was not denied adequate notice, nor was his ability to prepare his defense impaired by the delay.

Because Defendant did not demonstrate particularized prejudice attributable to the length of delay and the other factors do not weigh heavily in Defendant's favor, we conclude that Defendant's right to a speedy trial was not violated in this case.

**Juror Law Enforcement Connections and Presentation of Witnesses to Prospective Jurors**

14

Defendant argues that the district court erred in denying his motions for mistrial by failing to voir dire prospective jurors as to their law enforcement connections and by failing to present the witnesses to the prospective jurors. A district court's ruling on a motion for a mistrial is addressed to the sound discretion of the district court and will not be disturbed absent a showing of abuse of discretion. *See State v. McDonald*, 1998-NMSC-034, ¶ 26, 126 N.M. 44, 966 P.2d 752; *see also State v. Fry*, 2006-NMSC-001, ¶ 52, 138 N.M. 700, 126 P.3d 516 (filed 2005).

Prior to being selected for the jury in the present case, the jurors were not questioned as to their connections to law enforcement nor were the witnesses presented to the potential jurors. After the jury was selected, several jurors reported to the court that they knew one of the State's law enforcement witnesses. The court then individually interviewed the jurors in question and excused one of the jurors because the juror stated that she would be inclined to believe the law enforcement officer because she knew him. The district court found that the other jurors in question did not know the witnesses well and could be fair and impartial as jurors.

We understand Defendant's argument to be that it was the district court's responsibility to voir dire prospective jurors as to their law enforcement connections and to present witnesses to the jury prior to final jury selection and that the district

15

court erred by failing to perform these obligations. Defendant cites no authority to support his assertions that these are in fact responsibilities of the court.

Additionally, Defendant makes no argument whatsoever as to the issue of voir dire, but merely states the appropriate standard of review and how the issue was preserved. As to the issue of witness presentation to potential jurors, Defendant asserts that the issue is analogous to mid-trial publicity cases and states that the record shows that "failure to present the witnesses to the prospective jury was 'inherently prejudicial' to [Defendant's] fair trial right." However, Defendant makes no argument illustrating the analogy he asserts, nor does he cite to any portion of the record to support his allegation of prejudice.

Where a party fails to cite any portion of the record to support its factual allegations, the Court need not consider its argument on appeal. *See Santa Fe Exploration Co. v. Oil Conservation Comm'n*, 114 N.M. 103, 108, 835 P.2d 819, 824 (1992). "We will not review unclear arguments, or guess at what [a party's] arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076. Additionally, this Court will not consider propositions that are unsupported by citation to authority. *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969. Where a party cites no

16

authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

Finally, we note that Defendant was free to question prospective jurors regarding their law enforcement connections and to request that the witnesses be presented to the potential jurors. Defendant did not ask such questions or make such a request, and we determined that the district court did not abuse its discretion in denying the motion for mistrial. *See State v. Sanchez*, 120 N.M. 247, 251, 901 P.2d 178, 182 (1995) ("[B]y failing to question the juror during voir dire, [the a]ppellants waived any objection to the juror's participation in the trial.").

**Misstatement of the Charges During Opening**

Defendant argues that the district court erred in denying Defendant's motion for a mistrial based on a misstatement of the charges by the State during its opening remarks.

During opening statements, the State misstated the charges against Defendant, stating that Defendant was charged with possession of narcotics paraphernalia. The State immediately corrected its mistake and apologized to the jury. Defendant objected to the State's remark and moved for a mistrial on the grounds that the misstatement carried no probative value and was extremely prejudicial to Defendant. The district court denied the motion, holding that any prejudice Defendant might have

suffered was not significant because the primary charge against Defendant, trafficking in narcotics, was closely related to the State's misstated charged of possession of narcotics paraphernalia. The court also reasoned that such an error would tend to hurt the State more than Defendant because it indicates a lack of preparedness for trial or a lack of evidence to support a related offense that was not charged.

"We review a trial court's denial of a motion for mistrial under an abuse of discretion standard." *State v. Gonzales*, 2000-NMSC-028, ¶ 35, 129 N.M. 556, 11 P.3d 131. "[T]he trial court is in the best position to evaluate the significance of any alleged prosecutorial errors." *State v. Duffy*, 1998-NMSC-014, ¶ 46, 126 N.M. 132, 967 P.2d 807. "The trial court's determination of these questions will not be disturbed unless its ruling is arbitrary, capricious, or beyond reason." *Id.*

We agree with the district court that, under the circumstances, any prejudice due to the prosecutor's remark was minimal. The State corrected its mistake immediately and there is no indication in the record that the prosecutor repeated the misstatement. Further, at trial, evidence of two scales used to weigh narcotics, a glass plate, and rolled-up dollar bills alleged to have been used in the ingestion of narcotics (all of which could be considered narcotics paraphernalia) were introduced into evidence without objection from Defendant.

We conclude that the isolated misstatement by the State in its opening statement did not deprive Defendant of a fair trial. *State v. Brown*, 1997-NMSC-029, ¶ 23, 123 N.M. 413, 941 P.2d 494 ("The general rule is that an isolated comment made during closing argument is not sufficient to warrant reversal."). Accordingly, we determine that the district court did not abuse its discretion in denying Defendant's motion to dismiss.

**Cumulative Error**

Defendant argues that cumulative error denied him a fair trial. "The doctrine of cumulative error requires reversal when a series of lesser improprieties throughout a trial are found, in aggregate, to be so prejudicial that the defendant was deprived of the constitutional right to a fair trial." *Duffy*, 1998-NMCA-014, ¶ 29. The cumulative error doctrine is to be strictly applied and may not be successfully invoked if the record as a whole demonstrates that the defendant received a fair trial. *See State v. Woodward*, 121 N.M. 1, 12, 908 P.2d 231, 242 (1995). When there is no error, "there is no cumulative error." *State v. Aragon*, 1999-NMCA-060, ¶ 19, 127 N.M. 393, 981 P.2d 1211. Because we see no error or any indication that Defendant was denied a fair trial, we determine that Defendant has not demonstrated cumulative error in the present case.

19

**CONCLUSION**

For the reasons set forth above, we affirm the district court's ruling.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**ROBERT E. ROBLES, Judge**